## Richmond

DOROTHY L. POLESKY, ADMINISTRATRIX OF THE ESTATE OF
ANDRE JON POLESKY, JR., DECEASED v. NORTHERN
VIRGINIA CONSTRUCTION COMPANY, INCORPORATED.

November 22, 1954.

Record No. 4270.

Present, Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Charles Henry Smith* and *William M. Kabler*, for the plaintiff in error.

*Frank L. Ball*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

The question involved in this appeal is whether the amended motion for judgment and bill of particulars of

Dorothy L. Polesky, administratrix of the estate of Andre Jon Polesky, Jr., deceased, state a cause of action against Northern Virginia Construction Company, Incorporated, for the wrongful death of plaintiff's decedent. The trial court held that they did not and entered a final judgment sustaining a demurrer to the motion and dismissing the action. To review that judgment the present writ was awarded.

The amended motion and bill of particulars allege this case: For several years prior to June 16, 1952, the Northern Virginia Construction Company, Incorporated, hereinafter referred to as the defendant, had owned a tract of land in Fairfax county, upon which it "maintains and operates a manufacturing plant, to wit, a sand and gravel quarry and rectifying plant for the manufacture, sale and distribution of commercial and industrial building and structural sand and gravel;" that prior to that date the defendant, "in its operation as a manufacturing plant, dug or caused to be dug a large pit or hole in the ground" which the plaintiff "would estimate" covered "approximately three-quarters of an acre," and "abandoned the same" and left it "open and exposed," and "failed to fill" it "with earth so that the same would not be dangerous to human beings * * *, and, likewise, failed to fence securely the same and keep said pit or hole in the ground securely fenced in accordance with the statute for such cases made and provided;" and that as a proximate result of the failure of the defendant to comply with the statute, "plaintiff's decedent, an infant of the age of twelve years," on June 16, 1952, "after voluntarily going into the shallow water on the edges thereof for the purpose of wading," "fell into said hole in the ground or pit which had become filled with water and was drowned."

The original motion alleged no statutory violation on the part of the defendant, and the lower court sustained a demurrer thereto, presumably upon the authority of *Washabaugh* v. *Northern Virginia Construction Co.*, 187 Va. 767,

48 S. E. (2d) 276, which involved a similar accident on the premises of the same defendant. The correctness of that ruling is not challenged here.

While the amended motion and bill of particulars do not specify the statute relied on, it is agreed that the issue submitted to the lower court was whether the alleged acts of the defendant, and its alleged failure to act, constitute a violation of Code, § 18-74, as amended. The lower court held that they did not, and the same issue is now presented to us.

Code, § 18-74, as amended by Acts of 1950, ch. 258, p. 442, reads as follows:

"*Persons causing well or pit to be dug to fill it before abandonment; duty of owners of land.*—Every owner, operator, proprietor, superintendent or conductor of any sawmill or other manufacturing plant, or any other person who has caused to be dug on his own or the land of another any well or pit for the use of such sawmill, plant or person, shall fill such well or pit with earth so that the same shall not be dangerous to human beings, animals or fowls at the time of or before such mill or plant shall be removed or such well or such pit otherwise abandoned; and any person owning land whereon any such well or pit is located shall in the same manner fill with earth any such well or pit which has been abandoned, provided such person has knowledge of the existence of such well or pit.

"But in the case of mining operations in lieu of filling the shaft or pit the owner or operator thereof on ceasing operations in such shaft or pit shall securely fence the same and keep the same at all times thereafter securely fenced.

"Any person violating any provision of this section shall be deemed guilty of a misdemeanor and upon conviction shall be fined not exceeding five hundred dollars."

We agree with the trial court that such an excavation as is described in the plaintiff's pleadings is not within the purview of the statute. The first paragraph of the statute requires the filling of an abandoned "well or pit" which

has been dug for industrial use. The fact that the words "well or pit" are thus referred to together throughout the statute indicates that they are used synonymously and that openings of similar character are intended. Webster's New International Dictionary, 2d Ed., includes a "well" among the definitions of "pit." A "well," as the term is commonly used, means a cylindrical shaft of a relatively small diameter. Certainly, an excavation covering three-fourths of an acre is not within the commonly accepted definition of a well.

Again, the "well or pit" referred to in the statute is one likely to be "dangerous to human beings, animals or fowls." This is another indication that a relatively small opening is intended, that is, one which when abandoned would likely be obscured by weeds and bushes, and into which human beings, animals or fowls might fall or be entrapped. This would not be true of a large lake covering nearly an acre.

That a relatively small opening is intended by the statute is further indicated by the requirement that it be filled in "with earth" "at the time of or before" the industry is removed, "or such well or such pit otherwise abandoned." While an abandoned well or pit of small diameter may be easily filled in with earth, the same is not true of a large excavation from which sand, or gravel has been removed. To require the owner or operator to replace each load of material removed from a sand, gravel, or rock quarry with a like load of earth would impose an impossible burden on the operation of such an industry. Assuming that such filling material were available, it would mean that the excavation from which the filling material is removed must be in turn filled, and that the latter excavation be similarly filled, and so on.

It is elementary that where a statute is fairly open to two constructions, it should be given that construction which will prevent absurdity, hardship, or injustice. *Harvey* v. *Hoffman*, 108 Va. 626, 629, 62 S. E. 371.

The provision in the second paragraph of the statute requiring the fencing of an abandoned "shaft or pit" applies

only to one engaged in "mining operations." Since there is no allegation in the plaintiff's pleadings that the defendant was so engaged, we need not consider whether the excavation complained of is such a "shaft or pit."

We agree with the trial court that the plaintiff's motion for judgment and bill of particulars do not state a cause of action against the defendant under the statute invoked. Accordingly, the judgment sustaining the demurrer and dismissing the action is

*Affirmed.*