COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Koontz[*]


PERRY SHAWN TURNER

v.    Record No. 1808-93-3                    OPINION BY
                                      JUDGE LAWRENCE L. KOONTZ, JR.
COMMONWEALTH OF VIRGINIA                    AUGUST 29, 1995

            FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                    George E. Honts, III, Judge

        Thomas M. Simons for appellant.

        Kathleen B. Martin, Assistant Attorney General (James S.
        Gilmore, III, Attorney General, on brief), for appellee.


        Perry Shawn Turner (Turner) appeals his bench trial conviction under Code § 18.2-460(C) for attempting to obstruct a law-enforcement officer in the discharge of his duty relating to a criminal drug offense.  Turner asserts that because the Commonwealth failed to prove the underlying felony as a predicate element of Code § 18.2-460(C), the Commonwealth could not convict him of obstructing a police officer who was executing an arrest warrant charging Turner with a violation of the underlying felony.  Turner also asserts that the Commonwealth failed to disprove as a reasonable alternative hypothesis to guilt that when he pointed his gun at the arresting officer, he did so in an effort to turn the gun over to the officer rather than to obstruct him.  For the following reasons, we affirm Turner's conviction.

---

        [*]Justice Koontz prepared and the Court adopted the opinion in this case prior to his investiture as a Justice of the Supreme Court of Virginia.

Several Virginia state troopers went to a motel in Rockbridge County to execute a warrant for the arrest of Perry Shawn Turner on a charge of violating Code § 18.2-248(A), selling a controlled substance, namely cocaine. Trooper Robert P. Chappell, Jr. (Chappell), wearing blue jeans and a white hooded sweatshirt, knocked on the door of the motel room Turner occupied while the other officers waited about twenty yards away. The door, which was chained, opened slightly. Chappell said his name was "Dirk" and asked for "Shawn." The male who answered the door said, "just a minute," and closed the door. About sixty seconds later, the door opened and the same male emerged. Chappell immediately recognized him as Turner. Holding his police badge in his left hand, Chappell identified himself as "State Police" and informed Turner that he had an arrest warrant for him on a charge of selling cocaine.

Standing about two feet away, Turner removed a handgun from his waistband and pointed it at Chappell's chest. Chappell pushed Turner's armed hand away and pinned Turner's body against the wall, telling Turner three times to drop his weapon. Turner pushed back against Chappell and did not release his gun. Another officer disarmed Turner while Chappell held him. Turner was arrested and charged with selling cocaine in violation of Code § 18.2-248(A) and obstructing justice in violation of Code § 18.2-460(C). The Commonwealth subsequently elected not to proceed on the Code § 18.2-248(A) violation.

Under familiar principles, penal statutes must be strictly construed against the Commonwealth. <u>Stevenson v. City of Falls Church</u>, 243 Va. 434, 436, 416 S.E.2d 435, 437 (1992).  However, "we construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used." <u>Woolfolk v. Commonwealth</u>, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994).

> Code § 18.2-460(C) reads in pertinent part:
> If any person by threats of bodily harm or force knowingly attempts to intimidate or impede . . . any law-enforcement officer, lawfully engaged in the discharge of his duty . . . relating to a violation of or conspiracy to violate § 18.2-248 or § 18.2-248.1(a)(3), (b) or (c) he shall be guilty of a Class 5 felony.

Turner contends that because the drug charge against him was not prosecuted, his conviction for obstructing justice is "based solely on an arrest warrant, not on a 'violation' of the drug statute" because "[t]he underlying felony no longer exists to trigger its collateral felony."  Turner ignores, however, that § 18.2-460(C) requires only that the law enforcement activity "<u>relat[e] to</u> a violation of . . . § 18.2-248."  (Emphasis added.)  The attempt to thwart Trooper Chappell's execution of the arrest warrant, which specifically charged Turner with selling cocaine, was an effort by Turner to impede the lawful discharge of a police officer's duty "<u>relating to</u> a violation of . . . § 18.2-248."  (Emphasis added.)

We hold that in order to convict an accused of obstructing

-3-

justice under Code § 18.2-460(C) the Commonwealth need not prove the underlying offenses codified in Code §§ 18.2-248 or 18.2-248.1(a)(3), (b) or (c).  A conviction under Code § 18.2-460(C) will be sustained where the Commonwealth proves beyond a reasonable doubt that the accused (1) intended to intimidate or impede by threats of bodily harm or force a law-enforcement officer in the lawful discharge of his or her duty, and (2) knew or should have known that the law-enforcement officer was engaged in lawful activity "relating to a violation of or conspiracy to violate § 18.2-248 or § 18.2-248.1(a)(3), (b) or (c)."

Turner's conviction for obstruction need not be based on proof that he committed the underlying felony.  It is sufficient that the Commonwealth proved that the lawful activity of Trooper Chappell related to an offense specified in Code § 18.2-460(C). Holding otherwise would unduly restrict the intended purpose of Code § 18.2-460 of punishing those who interfere with the administration of justice and law enforcement.

Turner's view suggests that successful efforts to destroy evidence or intimidate witnesses in order to prevent a drug conviction also would eliminate the possibility of a conviction for obstructing justice.  Providing incentive for someone to frustrate law-enforcement efforts and allowing someone who obstructs justice to go unpunished solely because the Commonwealth cannot prove the underlying drug offense, perhaps as

a consequence of the obstructor's endeavors, are absurd results that the legislature did not intend.  See Shull v. Commonwealth, 16 Va. App. 667, 669, 431 S.E.2d 924, 925 (1993)("Nor should a statute be construed so that it leads to absurd results.") (citation omitted), aff'd, 247 Va. 161, 440 S.E.2d 133 (1994).

Code §§ 18.2-460(A) and (B) apply to the obstruction of justice in civil as well as in criminal proceedings other than for the drug crimes specified in subsection (C).  Thus, neither subsection (A) nor subsection (B) requires a conviction for an underlying offense as an element of the alleged obstruction of justice.  We interpret subsection (C) as evincing legislative intent to make the punishment for obstructing justice as to certain drug offenses more severe than for obstructing justice generally.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The record shows that Turner drew a gun on an arresting officer and resisted efforts by police to disarm him.  The trial court rejected Turner's explanation that he was attempting to turn over his gun rather than obstruct the officer.  The evidence in the light most favorable to the Commonwealth is sufficient to establish that Turner intended "to impede or intimidate" Trooper Chappell in the lawful discharge of his duty.  The record also shows that Turner

knew that the charge specified in the warrant for his arrest was for selling cocaine.

Having proved Turner's intent to obstruct and his knowledge that the arrest "relat[ed] to a violation of . . . § 18.2-248," the Commonwealth satisfied its burden.  Therefore, we affirm the conviction.

<u>Affirmed.</u>