Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

ANTHONY LAMONT WASHINGTON

v.  Record No. 061042  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        April 20, 2007
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Anthony L. Washington was convicted of felonious obstruction of justice in violation of Code § 18.2-460(C). Washington now claims that the evidence was insufficient to sustain his conviction.  Because the Commonwealth failed to prove an element of the offense, we will reverse the judgment of the Court of Appeals of Virginia upholding Washington's conviction.

RELEVANT FACTS AND PROCEEDINGS

Washington was indicted for "feloniously and unlawfully, by threats of bodily harm or force, knowingly to attempt to intimidate or impede a law enforcement officer, lawfully engaged in the discharge of his duty" in violation of Code § 18.2-460(C).  At Washington's bench trial in the Circuit Court of the City of Richmond on this charge, Matthew Mazoni and Mark Bailey, each of whom was employed as a deputy sheriff with the City of Richmond Sheriff's Office, were witnesses for the Commonwealth. Deputy Mazoni testified that, on June 19, 2003, after

escorting Washington to the "lockup" area in the courthouse following Washington's trial on unrelated charges, Washington repeatedly asked the deputies when the transportation unit would arrive to transport him back to the jail. According to Deputy Bailey, Washington told the deputies that he needed to return to the jail to make a telephone call so that "he could get that shit finished tonight" and because "he wanted that mother fucker gone." Deputy Bailey testified that he informed Washington that the transportation unit had been called and instructed Washington to stop asking about it. Washington responded, "[F]uck you. I will kill you, too." When Washington made that statement, Deputy Bailey was sitting at a desk, waiting on the transportation unit to arrive. A wall separated him from the lockup cell where Washington was confined.

Washington did not present any testimony but, at the close of the Commonwealth's evidence, he moved to strike, arguing that the evidence failed to prove the statutory requirements relating to the nature of Deputy Bailey's duty at the time of the alleged offense. The trial court denied Washington's motion, found him guilty as charged, and sentenced Washington to ten years of incarceration. Washington appealed his conviction to the Court of Appeals

of Virginia and again challenged the sufficiency of the evidence to sustain his conviction under Code § 18.2-460(C) with regard to Deputy Bailey's discharge of his duty. In an unpublished opinion, the Court of Appeals affirmed the judgment of the trial court. Washington v. Commonwealth, Record No. 1325-05-2 (May 2, 2006). This appeal ensued.

ANALYSIS

On appeal, Washington challenges the sufficiency of the evidence to sustain his conviction for felonious obstruction of justice. Washington argues, as he did in the trial court and the Court of Appeals, that the evidence failed to establish the required element of the law-enforcement officer's discharge of a duty at the time of the offense as required by Code § 18.2-460(C). While Washington focuses upon the particular physical activity in which Deputy Bailey was engaged at the moment Washington uttered the threatening statement, the dispositive question concerning the law-enforcement officer's duty in this case is whether the Commonwealth had to prove, as an element of the offense, that Deputy Bailey was discharging a duty "relating to a violation of or conspiracy to violate" one of the felony offenses specified in Code § 18.2-460(C).[1]

_____

[1] The Court requested the parties to address this question in letter briefs submitted after oral argument.

3

" 'It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt.' " Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)). "The burden of proof upon the state in a criminal case was given constitutional status in In re Winship, 397 U.S. 358, 364 (1970) wherein the Court stated 'that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785 (2003); accord Dobson v. Commonwealth, 260 Va. 71, 74, 531 S.E.2d 569, 571 (2000); Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).

To answer the dispositive question regarding the elements of the offense with which Washington was charged, we begin by examining the elements of the various offenses found in subsections A, B, and C of Code § 18.2-460:[2]

> A. If any person without just cause knowingly obstructs a judge, magistrate, justice, juror, attorney for the Commonwealth, witness or any law-enforcement officer in the performance of

---

[2] The elements of the offense set forth in Code § 18.2-460(D) are not relevant to our analysis.

4

his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such judge, magistrate, justice, juror, attorney for the Commonwealth, witness, or law-enforcement officer, he shall be guilty of a Class 1 misdemeanor.

B.  If any person, by threats or force, knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, attorney for the Commonwealth, witness, or any law-enforcement officer, lawfully engaged in his duties as such, or to obstruct or impede the administration of justice in any court, he shall be deemed to be guilty of a Class 1 misdemeanor.

C.  If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, witness, or any law-enforcement officer, lawfully engaged in the discharge of his duty, or to obstruct or impede the administration of justice in any court relating to a violation of or conspiracy to violate § 18.2-248 or subdivision (a)(3), (b) or (c) of § 18.2-248.1, or § 18.2-46.2 or § 18.2-46.3, or relating to the violation of or conspiracy to violate any violent felony offense listed in subsection C of § 17.1-805, he shall be guilty of a Class 5 felony.

In the factual context of this case, a violation of subsection A occurs if a person, without just cause, knowingly obstructs a law-enforcement officer in the performance of his duties.  In contrast, a person violates subsection B by using threats or force to knowingly attempt to intimidate or impede a law-enforcement officer lawfully engaged in the performance of his duties.  A violation of either of these subsections is deemed a Class 1 misdemeanor.

5

The elements of the offense set forth in subsection C are not, however, as straightforward as the elements of the offenses in subsections A and B. With regard to subsection C, the question we confront is whether the Commonwealth must prove only that a person used threats of bodily harm or force to knowingly attempt to intimidate or impede a law-enforcement officer lawfully engaged in the performance of his duties or whether the Commonwealth must also prove that the law-enforcement officer's duties being discharged "relat[ed] to a violation of or conspiracy to violate" one of the various felony offenses listed therein. Unless this additional element pertains not only to the second clause of subsection C, dealing with "obstruct[ing] or imped[ing] the administration of justice in any court," but also to the first clause, regarding the use of threats of bodily harm or force to attempt to intimidate or impede a law-enforcement officer, there is no significant difference between the elements of the offenses set forth in subsections B and C. Yet, a violation of subsection C is a Class 5 felony.

As the Commonwealth argues, subsection B uses the general term "threats," while subsection C is limited to

6

"threats of bodily harm."[3]  Nevertheless, if the phrase

"relating to a violation of or conspiracy to violate" one

of the specified felony offenses modifies only

"obstruct[ing] or imped[ing] the administration of justice

in any court," is a person who uses only "force," as

opposed to "threats of bodily harm," to knowingly attempt

to intimidate or impede a law-enforcement officer in the

discharge of his duties as such guilty of a Class 1

misdemeanor under subsection B or a Class 5 felony under

subsection C?  The Commonwealth does not address this

question but, instead, points out that a prosecutor always

has the discretion to select how to charge an individual

when the conduct at issue violates several statutes.  We do

not disagree with that statement, but it does not answer

the question before us.

This Court has never addressed the elements of the

offense set forth in Code § 18.2-460(C), but the Court of

Appeals has done so twice and reached different conclusions

in each case.  Compare Turner v. Commonwealth, 20 Va. App.

713, 460 S.E.2d 605 (1995), with Garcia v. Commonwealth, 40

Va. App. 184, 578 S.E.2d 97 (2003).  In Turner, the

defendant was charged with obstructing justice in violation

---

[3]  The term "threat" used in subsection B would,
however, also include the more specific term "threats of
bodily harm" utilized in subsection C.

of Code § 18.2-460(C) and selling cocaine in violation of Code § 18.2-248(A).  20 Va. App. at 716, 460 S.E.2d at 606. The Commonwealth did not proceed on the drug charge but obtained a conviction against Turner for "attempting to obstruct a law-enforcement officer in the discharge of his duty relating to a criminal drug offense."  Id. at 715, 460 S.E.2d at 606.  Turner argued that proof of the underlying felony drug offense was an element of Code § 18.2-460(C) and that, since the Commonwealth did not establish that he violated Code § 18.2-248(A), the Commonwealth could not convict him of obstructing justice under Code § 18.2-460(C).  The Court of Appeals rejected Turner's argument, concluding that "[Code] § 18.2-460(C) requires only that the law enforcement activity 'relat[e] to a violation of . . . [Code] § 18.2-248.' "  Turner, 20 Va. App. at 717, 460 S.E.2d at 607 (quoting Code § 18.2-460(C)).  The Court of Appeals held, "A conviction under Code § 18.2-460(C) will be sustained where the Commonwealth proves beyond a reasonable doubt that the accused (1) intended to intimidate or impede by threats of bodily harm or force a law-enforcement officer in the lawful discharge of his or her duty, and (2) knew or should have known that the law-enforcement officer was engaged in lawful activity 'relating to a violation of or conspiracy to violate [Code]

8

§ 18.2-248 or § 18.2-248.1(a)(3), (b) or (c).' "[4] Id. at 717-18, 460 S.E.2d at 607 (quoting Code § 18.2-460(C)).

In Garcia, the defendant argued "that Code § 18.2-460(C) requires that any conduct punishable under that subsection of the statute be related to conduct involving 'a violation of or conspiracy to violate [Code] § 18.2-248 or § 18.2-248.1(a)(3), (b) or (c).' " 40 Va. App. at 186, 578 S.E.2d at 97 (quoting Code § 18.2-460(C)). Relying on the structure of the challenged portion of Code § 18.2-460(C) and the grammatical rule stating, " 'phrases separated by a comma and the disjunctive "or," are independent,' " id. at 191, 578 S.E.2d at 100 (quoting Smoot v. Commonwealth, 37 Va. App. 495, 501, 559 S.E.2d 409, 412 (2002)), the Court of Appeals disagreed and rejected as dicta the language in Turner identifying the two elements needed to establish a violation of Code § 18.2-460(C). Garcia, 40 Va. App. at 192 n.2, 578 S.E.2d at 100 n.2. Instead, the Court of Appeals held that

> the phrase, "to intimidate or impede . . . any law-enforcement officer, lawfully engaged in the discharge of his duty," is independent of the

---

[4] Amendments to Code § 18.2-460(C) in 1999 added the last phrase "or relating to the violation of or conspiracy to violate any violent felony offense listed in subsection C of [Code] § 17.1-805." 1999 Acts ch. 800. Amendments in 2004 added Code §§ 18.2-46.2 and -46.3 to the list of felony offenses set forth in subsection C. 2004 Acts ch. 396.

9

phrase, "to obstruct or impede the administration of justice in any court relating to a violation of or conspiracy to violate" the specified drug-related statutes or felony offenses. Each phrase[,] therefore, specifies a separate and distinct proscription that may constitute a violation of that particular subsection of the statute.

Id. at 191-92, 578 S.E.2d at 100; see also Craddock v. Commonwealth, 40 Va. App. 539, 552, 580 S.E.2d 454, 461 (2003). In contrast to the conclusion in Turner, the court in Garcia stated that there are two methods for violating Code § 18.2-460(C): "1) a knowing attempt to intimidate or impede a law enforcement officer in the performance of his duties; and 2) a knowing attempt to obstruct or impede the administration of justice in any court when the conduct at issue relates in some manner to the specified offenses." Id. at 192, 578 S.E.2d at 101.

We recognize the grammatical rule utilized by the Court of Appeals in Garcia and agree that its strict application to the provisions of Code § 18.2-460(C) leads to the result reached in Garcia. However, " 'statutes are not to be construed by strict and critical adherence to technical grammatical rules, and . . . the true meaning, if clearly ascertained, must prevail, though contrary to the apparent grammatical construction.' " Harris v. Commonwealth, 142 Va. 620, 624, 128 S.E.2d 578, 579 (1925);

10

see also Indemnity Ins. Co. v. Nalls, 160 Va. 246, 250, 168 S.E. 346, 347 (1933) (a court "should not permit the spirit and intendment of [a] statute to be whittled away by the keen edge of grammatical construction"); Withers v. Commonwealth, 109 Va. 837, 840-41, 65 S.E. 16, 17 (1909) ("punctuation is not resorted to in the interpretation of statutes, unless the intention of the legislature cannot be ascertained from the language of the statute read in the light of legislation existing upon the subject . . . and other statutes in pari materia").  In this case, adherence to the grammatical rule used by the Court of Appeals in Garcia partially eliminates the distinction between the offenses set forth in Code § 18.2-460(B) and (C) and allows the same conduct, in some instances, to violate both subsections.  Recognized rules of statutory construction militate against such a result.  See Polesky v. Northern Va. Constr. Co., 196 Va. 532, 535, 84 S.E.2d 443, 445 (1954) (if a statute is open to two interpretations, "it should be given that construction which will prevent absurdity, hardships, or injustice").

Since a violation of subsection C is a Class 5 felony, the General Assembly obviously deemed the conduct prohibited therein more serious than the conduct proscribed in subsection B.  Thus, there must be a difference in the

11

elements of the two offenses set forth in those subsections. Yet, there is no meaningful distinction unless the two phrases, "relating to a violation of or conspiracy to violate" one of the listed felony offenses, modify not only "obstruct[ing] or imped[ing] the administration of justice in any court," but also the use of "threats of bodily harm or force to knowingly attempt[] to intimidate or impede a . . . law-enforcement officer[] lawfully engaged in the discharge of his duty." Code § 18.2-460(C). It is this additional element that makes the proscribed conduct in subsection C more serious than the conduct prohibited in subsection B and separates a misdemeanor from a felony. We agree with the Court of Appeals' observation in Turner that subsection C "evinc[es the] legislative intent to make the punishment for obstructing justice as to certain . . . offenses more severe than for obstructing justice generally." 20 Va. App. at 718, 460 S.E.2d at 607.

In light of our conclusion regarding the elements of the offense of felonious obstruction of justice, it is clear that the Commonwealth failed to prove beyond a reasonable doubt that Washington violated Code § 18.2-460(C). The Commonwealth presented no proof that, at the time Washington made the threatening statement, Deputy

12

Bailey was engaged in the discharge of any duty "relating to a violation of or conspiracy to violate" one of the felony offenses listed in that subsection.[5]  Because the Commonwealth produced no evidence to establish one of the elements necessary to constitute the offense of obstructing justice under Code § 18.2-460(C), Washington was convicted of a "non-offense."  Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991).  Thus, the Court of Appeals erred in upholding Washington's conviction.

Also, it is incumbent upon this Court to resolve the conflict in the decisions of the Court of Appeals in Turner and Garcia and to correct an erroneous interpretation of a penal statute.  See Volkswagen of Am. Inc. v. Smit, 266 Va. 444, 453, 587 S.E.2d 526, 531 (2003) (erroneous interpretation will not be permitted to override the clear meaning of a statute).  Here, the erroneous interpretation of Code § 18.2-460(C) resulted in Washington's loss of liberty.  Penal statutes, however, must be construed "in favor of a citizen's liberty."  Martin v. Commonwealth, 224

---

[5]  By virtue of a presentence report and the Commonwealth's argument at sentencing, we know that, when Washington uttered the threatening statement to Deputy Bailey, Washington had just been tried and found guilty of murder, malicious wounding, two counts of robbery, and use of a firearm in the commission of a felony.  This information was not, however, introduced into evidence during the guilt phase of Washington's trial on the obstruction of justice charge.

Va. 298, 300, 295 S.E.2d 890, 892 (1982); accord Welch v. Commonwealth, 271 Va. 558, 563, 628 S.E.2d 340, 342 (2006); Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985). Moreover, an accused cannot be punished unless his or her case falls "plainly and unmistakably within the statute." United States v. Lacher, 134 U.S. 624, 628 (1890); accord Harward, 229 Va. at 365, 330 S.E.2d at 90. "[A]n essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979).

## CONCLUSION

For these reasons, we conclude that the evidence was insufficient, as a matter of law, to sustain Washington's conviction under Code § 18.2-460(C). We will therefore reverse the judgment of the Court of Appeals and dismiss the indictment.

Reversed and dismissed.