Present:  All the Justices

MARK DYWAYNE BISHOP
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 070640             January 11, 2008

COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA

                                I.

    Code § 46.2-357(A) states in relevant part:

        "It shall be unlawful for any person determined
    or adjudicated an habitual offender to drive any
    motor vehicle or self-propelled machinery or
    equipment on the highways of the Commonwealth while
    the revocation of the person's driving privilege
    remains in effect."

    The sole issue that we consider in this appeal of a

judgment from the Court of Appeals is whether the Commonwealth

proved beyond a reasonable doubt that a defendant, who was

convicted for a violation of Code § 46.2-357, received actual

notice that he had been determined to be an habitual offender.

                                II.

    Mark Dywayne Bishop was convicted in the Circuit Court of

the City of Williamsburg and County of James City of driving a

motor vehicle after having been declared an habitual offender

in violation of Code § 46.2-357.  Bishop appealed and asserted

in the Court of Appeals that the Commonwealth failed to prove

that he had received actual notice of a determination or

adjudication as an habitual offender and, therefore, the

Commonwealth did not establish that he violated Code § 46.2-357.  The Court of Appeals affirmed the conviction.  Bishop v. Commonwealth, 49 Va. App. 251, 639 S.E.2d 683 (2007).  Bishop appeals.

III.

A.

Applying well-settled principles of appellate review, we will state the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court.  Pruitt v. Commonwealth, 274 Va. 382, 384, 650 S.E.2d 684, 684 (2007); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005).

The following evidence was adduced at a bench trial in the circuit court.  In December 2004, two police officers went to Bishop's home in James City County to serve him with an arrest warrant.  Bishop was not present when the officers arrived.  The officers parked their cars behind a residence so that Bishop would not be able to see them upon his arrival.

Subsequently, the officers observed Bishop drive a motor vehicle on a public street and enter a driveway on Bishop's property.  Bishop parked the car and began to walk towards his house.

The police officers approached Bishop and informed him that they had a warrant for his arrest.  Initially, the

2

defendant denied that he was Mark Bishop and stated that his name was Eric.  One of the officers informed Bishop that he was under arrest, and a scuffle ensued.  The officers managed to subdue Bishop and arrest him.

The Commonwealth also introduced in evidence Bishop's lengthy driving record from the Department of Motor Vehicles. The following entries on that record constitute the sole evidence relating to the notice that Bishop received regarding his status as an habitual offender:

"DETERMINED     ON:  1997/04/23 HABITUAL OFFENDER BY
                DMV

                ELIGIBLE TO RESTORE UNDER CURRENT LAW
                ON:
                RESTRICTED: N/A      FULL: 2000/04/23

"REVOCATION     ISS: 1997/04/28 EFFECTIVE: 1997/05/28

                FOR HO DETERMINATION PROCESS
                NOTIFIED: 2001/03/10 BY LAW
                ENFORCEMENT
                ORDER DELIVERY DATE:    ORDER MAILED"

B.

Bishop asserts in this Court, as he did in the circuit court and the Court of Appeals, that the Commonwealth failed to establish that he received actual notice of his adjudication as an habitual offender and, therefore, he could not be convicted of a violation of Code § 46.2-357.  We agree with Bishop's contentions.

3

"It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt." Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970). This fundamental precept has been the bedrock of Virginia's criminal jurisprudence since the inception of this Commonwealth. For example, in Savage v. Commonwealth, 84 Va. 582, 585, 5 S.E. 563, 564 (1888), we stated: "In a criminal case, the defendant is entitled to an acquittal, unless his guilt is established beyond a reasonable doubt."

We recently restated this elemental precept in Ellison v. Commonwealth, 273 Va. 254, 257-58, 639 S.E.2d 209, 212 (2007): "Because of the stringent standard of proof the law imposes upon the prosecution, [finders of fact] must acquit unless they find each element of the crime charged to have been proved beyond a reasonable doubt." In Washington v. Commonwealth, 273 Va. 619, 623, 643 S.E.2d 485, 487 (2007), we stated:

> " 'The burden of proof upon the state in a criminal case was given constitutional status in In re Winship, 397 U.S. 358, 364 (1970) wherein the Court stated "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785 (2003); accord Dobson v. Commonwealth, 260 Va. 71, 74, 531 S.E.2d 569, 571 (2000); Stokes v.

4

        Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885
(1983).' "

        In order to obtain a conviction against a defendant

charged with a violation of Code § 46.2-357, the Commonwealth

must prove, beyond a reasonable doubt, that the defendant

drove a motor vehicle on a public highway while his driving

privilege was revoked; that the defendant had been determined

or adjudicated an habitual offender; and that the defendant

received actual notice of his status as an habitual offender.

See Reed v. Commonwealth, 15 Va. App. 467, 471-72, 424 S.E.2d

718, 720-21 (1992). The only issue in this appeal is whether

the Commonwealth proved beyond a reasonable doubt that the

defendant, Bishop, received actual notice that he had been

adjudicated an habitual offender.

        The Commonwealth does not dispute that it was required to

prove beyond a reasonable doubt that Bishop received actual

notice of his adjudication as an habitual offender in order to

establish a violation of Code § 46.2-357. However, the

Commonwealth, relying upon the following entry in the records

from the Department of Motor Vehicles, claims that it

satisfied this proof burden:

        "REVOCATION      ISS: 1997/04/28 EFFECTIVE: 1997/05/28
                         FOR HO DETERMINATION PROCESS
                         NOTIFIED: 2001/03/10 BY LAW
                         ENFORCEMENT
                         ORDER DELIVERY DATE:    ORDER MAILED"

5

We disagree with the Commonwealth's contention.

The first entry, "Revocation ISS 1997/04/28 Effective: 1997/05/28 For HO Determination Process," is confusing and does not contain any information about Bishop's status as an habitual offender. The next entry states: "Notified: 2001/03/10 by law enforcement." This entry does not specify the content of any notification that may have been provided to Bishop, and this entry does not identify the person, agency, or entity that constituted "law enforcement."

The final entry states, "Order delivery date: Order mailed." This entry provides absolutely no proof of actual notice to anyone. Indeed, the above-referenced entries in the Department of Motor Vehicles' transcript are devoid of proof beyond a reasonable doubt, which is the only standard that can be applied in a criminal proceeding, that Bishop received actual notice of his adjudication as an habitual offender.

We reject the Commonwealth's contention and the holding of the Court of Appeals that defendant's counsel, during his closing argument in the circuit court and in a pleading filed in the Court of Appeals, made a factual concession that Bishop received actual notice that he had been determined or adjudicated an habitual offender. Bishop's counsel made the following argument at trial:

"[The Department of Motor Vehicles' transcript] will tell you that the revocation which occurred April 28, 1997, I'm sorry, April 28, 1997, that he was notified for the H.O. determination, that is the habitual offender determination by law enforcement. It doesn't actually say he was notified after he was declared habitual offender. I think that is an important distinction.

"He was notified of the process whereby he was going to be waived or where he was going to be adjudicated habitual offender so that he would know that it was going to occur, but it doesn't actually say he was notified having been adjudicated an habitual offender.

"And I would suggest to the Court that under the Reed case, and I have copies right here. First of all, actual notice is required and I would suggest to the Court we don't even see constructive notice on this record. We know he was notified that there was going to be a termination, but we don't see in the record that he was going to be notified that he was determined habitual offender. But I would suggest that without notice we cannot sustain a conviction."

In his brief filed in the Court of Appeals, Bishop's

counsel stated:

"The DMV record in this case has two notations, the interpretation of which is the critical issue here. First, the record indicates that on April 23, 1997, Appellant was 'DETERMINED' to be an habitual offender by DMV. The record does not show whether or not Appellant was ever notified of this determination. Immediately below this notation is an indication that there existed a 'REVOCATION' issued on April 28, 1997 and effective on May 28, 1997. The notation then reads: 'FOR HO DETERMINATION PROCESS.' That same entry reflects that an order was mailed and that Appellant received notification from law enforcement on March 10, 2001.

"The DMV record is ambiguous on its face, however, a point which Appellant's trial counsel noted. It indicates that Appellant was notified of something by law enforcement, but not as to what that something was. The most clear reading of the

7

> DMV record, and the only one supported by the plain language, is that Appellant was notified of the 'HO DETERMINATION PROCESS,' not that he was notified that he was or had been declared an habitual offender."

(Emphasis added; citations omitted.)

Upon our review of these statements, we conclude that the defendant plainly did not make a factual concession in the circuit court or the Court of Appeals that he had received actual notice from the Department of Motor Vehicles that he had been adjudicated as an habitual offender. We note that this conclusion is consistent with the dissenting opinion filed in the Court of Appeals. Bishop v. Commonwealth, 49 Va. App. 251, 261-64, 639 S.E.2d 683, 687-89 (2007) (Willis, J., concurring in part and dissenting in part).

Bishop was also convicted, among other things, of a violation of Code § 18.2-460(C). The Commonwealth has confessed error and agrees that this conviction must be vacated because of this Court's decision in Washington v. Commonwealth, 273 Va. 619, 628, 643 S.E.2d 485, 490 (2007).

The Commonwealth's remaining arguments are without merit. Accordingly, we will dismiss the defendant's conviction for the violation of Code § 46.2-357. As requested by the Commonwealth and the defendant, we will vacate the conviction for the violation of Code § 18.2-460(C), and we will remand this portion of the case to the circuit court for a new

8

sentencing proceeding on the lesser included offense as set forth in Code § 18.2-460(B).

Reversed, vacated,
dismissed in part,
and remanded in part.

JUSTICE LEMONS, with whom JUSTICE KINSER joins, dissenting.

By posing the wrong question, the majority, in my judgment, errs in its resolution of this appeal. If the question in this case was whether the DMV transcript alone was sufficient to prove beyond a reasonable doubt that Bishop actually received some form of notification, I would agree with the majority. But that is not the question presented in this appeal.

Contrary to the contention of the majority, in the Court of Appeals Bishop concedes that he received notice. The only question remaining has to do with the content of the notice. Bishop states in his brief, "The DMV record is ambiguous on its face, however, a point which Appellant's trial counsel noted. It indicates that Appellant was notified of something by law enforcement, but not as to what that something was." The only question presented to this Court on the question of Bishop's violation of Code § 46.2-357 is the content of the notice that he admits he received.

The evidence viewed in the light most favorable to the Commonwealth, the prevailing party below, is sufficient to

9

prove the content of the conceded notice beyond a reasonable doubt.  The DMV transcript received in evidence shows under the heading "DETERMINED" that on April 23, 1997 Bishop was determined to be an habitual offender.  Immediately after this entry on the DMV transcript under the heading "REVOCATION", the transcript shows that a revocation order was issued 5 days after the determination of habitual offender status.  Under the same heading, the transcript shows that Bishop was notified by law enforcement.  In my judgment there can be no question about the content of the notification that Bishop concedes he received.

I respectfully dissent.