COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


TIMMY ELIJAH ROACH, S/K/A
  TIMOTHY ELIJAH ROACH
                                                              OPINION BY
v.      Record No. 2566-06-2           CHIEF JUDGE WALTER S. FELTON, JR.
                                                              MAY 6, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ORANGE COUNTY
                              Paul M. Peatross, Jr., Judge

            Andrew L. Wilder for appellant.

            Richard B. Smith, Special Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Following a jury trial, Timmy Elijah Roach (appellant) was found guilty of felony

obstruction of justice, in violation of Code § 18.2-460(C).  He contends his prosecution for that

offense violated Code § 19.2-294's prohibition against successive prosecutions and that his

conviction and punishment for that offense constituted double jeopardy, in violation of the Fifth

Amendment to the United States Constitution and Article I, Section 8, of the Virginia

Constitution.  He also contends the evidence was insufficient to convict him of violating Code

§ 18.2-460(C).  For the following reasons we affirm in part, vacate in part, and remand for

proceedings consistent with this opinion.

                                    I.  BACKGROUND

        On appeal of a conviction, we "'discard the evidence of the accused in conflict with that

of the Commonwealth, and regard as true all the credible evidence favorable to the

Commonwealth and all fair inferences that may be drawn therefrom.'"  Craddock v.

Commonwealth, 40 Va. App. 539, 542-43, 580 S.E.2d 454, 456 (2003) (quoting Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (*en banc*)). So viewed, the evidence established that in the early morning hours of October 9, 2005, police arrived at a trailer park in Orange County to quell a "brawl." There, Deputy Brandon Tidwell, wearing his uniform and displaying his badge of authority, arrested appellant for being drunk in public and on several outstanding arrest warrants. After he was arrested, appellant was placed in the rear seat of Deputy Tidwell's marked police vehicle. He "yell[ed] and curs[ed]" at the deputy and other law enforcement officers present at the scene, and kicked out the rear window of Deputy Tidwell's vehicle. As a result of that damage, another law enforcement officer transported appellant to the Central Virginia Regional Jail for processing. There, Deputy Tidwell advised appellant of the charges for which he had been arrested, and began to prepare paperwork related to his arrest. Appellant became "irate" and, over the course of the next twenty to thirty minutes, verbally threatened to kill Deputy Tidwell and his family, describing in graphic detail how he would harm them. A magistrate and a state trooper working at the regional jail heard appellant threaten Deputy Tidwell.

At the regional jail, a magistrate issued a misdemeanor warrant charging appellant with misdemeanor obstruction of justice for his conduct at the trailer park, and a felony warrant charging him with felony obstruction of justice for his threats of bodily harm to Deputy Tidwell at the regional jail. Appellant's misdemeanor and felony warrants each stated that his conduct was in violation of Code "§ 18.2-460."

In a single proceeding in which evidence was presented on both charges, the general district court ("district court") convicted appellant of misdemeanor obstruction of justice and certified the felony obstruction of justice charge to the grand jury. The grand jury returned an indictment charging appellant with felony obstruction of justice, "in violation of Section

- 2 -

18.2-460(C) of the Code of Virginia." Appellant did not appeal his misdemeanor obstruction of justice conviction.

Prior to his trial in the circuit court, appellant argued that prosecuting him for felony obstruction of justice in the circuit court would "raise a double jeopardy issue with regard to [the misdemeanor obstruction of justice] conviction that he [had] already suffered in the district court." The circuit court granted appellant's motion for a bill of particulars. In its bill of particulars, the Commonwealth stated that appellant's misdemeanor conviction arose from his conduct at the trailer park, while his felony obstruction of justice charge arose from his threats of bodily harm to Deputy Tidwell at the regional jail. Appellant did not question the Commonwealth's assertions in the bill of particulars before trial, nor did he offer any evidence at trial to contradict those assertions.

Appellant also asked the circuit court to either dismiss the felony obstruction of justice indictment or reduce it to a misdemeanor. He contended the indictment for felony obstruction of justice should be dismissed because "the misdemeanor warrant . . . [did] not specify which subsection of Virginia Code Section 18.2-460 was violated[,]" and it did not "state with specificity who the victimized magistrate, law-enforcement officer, or other person was, or even what the specific conduct was which constituted the violation . . . ." He argued that, because of this lack of specificity, "principles of double jeopardy" and Code § 19.2-294's prohibition of successive prosecutions precluded the Commonwealth "from prosecuting any further allegation of obstruction of justice committed by [appellant] on or about October 9, 2005 in violation of Virginia Code Section 18.2-460." Other than his general reference to the provisions of Code § 19.2-294, appellant cited no authority in support of his argument.

Appellant also contended that if the felony obstruction indictment were not dismissed, it should be reduced to misdemeanor obstruction of justice. He argued the indictment's reference

to subsection (C) of Code § 18.2-460 was ambiguous and that "there [was] no way to determine that an alleged [felony] violation [was] unmistakably within subsection (C) and not within subsection (A) or (B)" of Code § 18.2-460. The circuit court denied appellant's motion to amend the indictment to charge misdemeanor obstruction of justice. At trial it instructed the jury, at appellant's request, that misdemeanor obstruction of justice, defined in Code § 18.2-460(B), was a lesser-included offense of Code § 18.2-460(C).

This appeal followed.

## II. ANALYSIS

### A. Code § 19.2-294

Appellant contends that his prosecution for felony obstruction of justice in the circuit court was barred by Code § 19.2-294, which provides, in relevant part, that "[i]f the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others."

Appellant's argument is without merit. Code § 19.2-294 is applicable only where the same act is prosecuted successively under two or more statutes. Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993). Here, the bill of particulars provided by the Commonwealth clearly stated that appellant's misdemeanor and felony obstruction of justice charges arose from two separate acts, committed by appellant at different times, and in different geographical locations.[1] Appellant did not contest the Commonwealth's assertions in the bill of particulars, and the circuit court found that appellant's misdemeanor and felony obstruction of justice charges arose from "separate acts."

---

[1] Appellant's misdemeanor obstruction of justice charge resulted from his act of kicking out the rear window of Deputy Tidwell's police vehicle at the trailer park. Appellant's felony obstruction of justice charge resulted from the threats of bodily harm he made to Deputy Tidwell at the regional jail later that morning.

- 4 -

Because the felony obstruction of justice prosecution was not based on the same act that was the basis of appellant's misdemeanor obstruction of justice conviction in the district court, the circuit court did not err in finding that Code § 19.2-294 did not bar his prosecution for felony obstruction of justice in the circuit court.[2]

### B. Double Jeopardy

Appellant also contends that his conviction and punishment for felony obstruction of justice in violation of Code § 18.2-460(C) was barred by his misdemeanor obstruction of justice conviction in the district court under constitutional principles of double jeopardy. We conclude that his argument is without merit.

The Double Jeopardy Clauses of the United States and Virginia Constitutions protect against multiple punishments for the same offense. Commonwealth v. Hudgins, 269 Va. 602, 604-05, 611 S.E.2d 362, 364 (2005). Subjecting an accused to multiple punishments for the same offense violates both state and federal constitutional protections against double jeopardy. Schwartz v. Commonwealth, 45 Va. App. 407, 440, 611 S.E.2d 631, 647 (2005).[3]

The Double Jeopardy Clause is not abridged if an accused is subjected to punishment for two offenses that are supported by separate and distinct acts. Stephens v. Commonwealth, 263 Va. 58, 62-63, 557 S.E.2d 227, 230 (2002); Brown v. Commonwealth, 37 Va. App. 507, 517, 559 S.E.2d 415, 420 (2002); Henry v. Commonwealth, 21 Va. App. 141, 146, 462 S.E.2d 578, 581 (1995).

---

[2] Because we conclude that the circuit court did not err in finding Code § 19.2-294 inapplicable to bar the felony obstruction of justice prosecution, we need not address appellant's "successive prosecution" argument under that statute.

[3] "Virginia's constitutional guarantee against double jeopardy affords a defendant the same guarantees as the federal Double Jeopardy Clause." Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 230 (2002).

Appellant argues that because neither the charging document nor the conviction order for the misdemeanor obstruction offense specified the conduct for which he was prosecuted in the district court, the Commonwealth was barred "from prosecuting any further allegation of obstruction of justice committed by [him] on or about [the same date] in violation of Virginia Code Section 18.2-460 under principles of double jeopardy[.]"  However, "[t]he 'burden is on [appellant]' to 'substantiate' his allegation [of double jeopardy] and 'establish the identity of the offenses' material to his plea."  Cooper v. Commonwealth, 13 Va. App. 642, 644, 414 S.E.2d 435, 435 (1992) (quoting Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990)).  "Customarily, a defendant carries this burden 'by production of the record or transcript of the initial trial.'"  Id.

Here, appellant failed to meet his burden of establishing the identity of the offenses material to his plea of double jeopardy.  No transcript was made of appellant's trial in the district court.  The bill of particulars filed by the Commonwealth in the circuit court stated, without contradiction by appellant, that his prosecution in the district court for misdemeanor obstruction of justice and his prosecution in the circuit court for felony obstruction of justice arose out of two separate incidents occurring, albeit on the same date, in different geographical locations and at different times, constituting two separate and distinct criminal acts.  Accordingly, we find the circuit court did not err in its finding that appellant's misdemeanor and felony offenses involved "separate acts."

From the record before us, we conclude the circuit court did not err in denying appellant's motion to dismiss his felony obstruction of justice conviction based on a violation of the double jeopardy prohibition.

C. Sufficiency of the Evidence

Appellant also contends the evidence presented at trial was insufficient to convict him of felony obstruction of justice and that the circuit court erred in denying his motion to reduce the felony obstruction of justice charge to misdemeanor obstruction of justice. The Commonwealth concedes that Washington v. Commonwealth, 273 Va. 619, 628, 643 S.E.2d 485, 490 (2007), decided after appellant's conviction, requires us to reverse appellant's conviction of felony obstruction of justice under Code § 18.2-460(C) on the evidence presented at trial. We agree.

In Washington, the Supreme Court held that, in order to obtain a felony obstruction of justice conviction under Code § 18.2-460(C), the Commonwealth must allege and prove that at the time the accused made a threatening statement to a law enforcement officer, the officer must be "engaged in the discharge of any duty 'relating to a violation of or conspiracy to violate' one of the felony offenses listed in that subsection." Id. None of the statutorily enumerated felony offenses were at issue here.

Appellant, citing Washington, argues that this Court is required not only to vacate his felony obstruction of justice conviction, but also contends that we must dismiss that indictment. Following its decision in Washington, the Supreme Court in Bishop v. Commonwealth, 275 Va. 9, 654 S.E.2d 906 (2008), under similar circumstances as presented in this appeal, vacated a defendant's conviction for a violation of Code § 18.2-460(C) and remanded "the case to the circuit court for a new sentencing proceeding on the lesser included offense as set forth in Code § 18.2-460(B)." Id. at 16, 654 S.E.2d at 909.

Guided by the principle articulated in Bishop, and concluding that the evidence presented at trial was sufficient to prove beyond a reasonable doubt that appellant violated Code § 18.2-460(B), we vacate appellant's conviction for felony obstruction of justice, Code

§ 18.2-460(C), and remand to the circuit court for a new sentencing proceeding on the lesser-included offense set forth in Code § 18.2-460(B).

### III.  CONCLUSION

From the record before us, we conclude the circuit court did not err in finding that the prosecution of appellant for felony obstruction of justice, based on a separate act from that for which he was convicted of misdemeanor obstruction of justice in the district court, did not violate Code § 19.2-294's prohibition against successive prosecutions or the constitutional prohibition of double jeopardy.

However, we vacate appellant's conviction for felony obstruction of justice, in violation of Code § 18.2-460(C).  From our review of the record, we conclude the evidence presented at trial proved beyond a reasonable doubt that appellant committed the lesser-included offense of misdemeanor obstruction of justice, under Code § 18.2-460(B).  Accordingly, we remand for a new sentencing proceeding on that lesser-included offense.

<u>Affirmed, in part,<br>vacated, in part,<br>and remanded.</u>