COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Athey and Senior Judge Petty
Argued by videoconference


COREY TIMOTHY WLASH

MEMORANDUM OPINION* BY
v.        Record No. 0365-24-3          JUDGE MARY BENNETT MALVEAUX
                                              APRIL 1, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Shannon T. Sherrill, Judge

Andrew Carter Graves (GravesWhetzel Law, PLLC, on briefs), for
appellant.

Rebecca Johnson Hickey, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


After a bench trial, the Circuit Court of Augusta County convicted Corey Timothy Wlash

("appellant") of obstruction of justice without force, in violation of Code § 18.2-460(A).  On

appeal, appellant challenges the sufficiency of the evidence to support his conviction.  For the

following reasons, we affirm the judgment of the trial court.

## I.  BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)).  That principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  *Kelly v.*

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

*Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On July 4, 2023, Augusta County sheriff's deputy Matt Smith and other officers went to appellant's residence to serve an arrest warrant for driving on a revoked or suspended license. After Smith knocked, appellant came to the closed front door and spoke with him through the door's glass panel. Smith told appellant that they had a warrant for his arrest and he "needed to open the door." Smith held the warrant up to the glass. Smith repeated "numerous times" that appellant "needed to open the door" and "come outside." At one point, appellant asked if he could get his shoes. Believing that appellant "was actually going to come out at that point," Smith told appellant to get his shoes.

Instead, appellant backed up and asked if Smith "was going to kick his door if [appellant] didn't come out." Smith responded that he would. When Smith again asked if appellant was coming out, appellant said "no." Shortly thereafter, Smith "kicked the door," entered the house, and arrested appellant.

Appellant was charged with obstruction of justice without force, in violation of Code § 18.2-460(A). At trial, Smith testified that the encounter lasted "[s]everal minutes." Smith explained that he had brought multiple officers with him to execute the warrant because he had been told appellant "was hostile with law enforcement." Smith acknowledged that appellant told him through the door that he was unarmed and did not have "ill intent." Further, he affirmed that appellant had said "[s]omething to the effect" of "show me you're serious[,] kick in my door."

At the close of the Commonwealth's evidence, appellant moved to strike, arguing that the Commonwealth's evidence failed to prove that he intended to prevent the officers from arresting him. Although the trial court considered the case a "borderline" one, it denied the motion. The trial court characterized "the failure to act in compliance with a lawful arrest warrant" as

"qualitatively not different from acting in a way that would frustrate the execution of a valid arrest warrant."

Appellant entered into evidence a video of the encounter recorded by his wife. In the video, appellant can be seen leaning up against the inside of the door while speaking with the police. He asked the police, "are you going to kick in the door?" After getting a shirt and shoes, he said, "kick my door once so I know you're not playin[g]. That's all you gotta do" before the police kicked the door open and arrested him.

Testifying in his own defense, appellant stated that, when the officers told him that they were there to arrest him for driving on a suspended license, he was concerned because he had already been served with the summons for that offense and had never been arrested for the offense before. He also denied that the officers showed him a warrant. Appellant further testified that he did not come out of the house immediately because he did not "believe that [the officers] were lawfully there." He wanted to "see how far they were willing to go to arrest" him, so he told them to "kick [his] door a little bit" to show that they were "serious." Appellant maintained he was not "trying to stop them from coming in."

At the close of all the evidence, appellant renewed his motion to strike, which the trial court denied. The court noted that appellant had refused to comply with Smith's requests to "open the door and come out so that he could be taken into custody," and concluded that appellant was not simply making the officers' job harder; rather, his conduct had necessitated "an affirmative and violent intervention." The court convicted appellant.

This appeal followed.

## II. ANALYSIS

Appellant contends the trial court erred in denying his motion to strike and convicting him of obstruction of justice without force, because the evidence was insufficient to convict him of that offense. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). "In conducting our review, this Court likewise gives deference to the fact finder's assessment of witness credibility." *Washington v. Commonwealth*, 75 Va. App. 606, 615 (2022).

A person who, "without just cause knowingly obstructs" a law enforcement officer "in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so" commits a Class 1 misdemeanor.[1] Code § 18.2-460(A). We have

---

[1] Our caselaw refers to the offense under subsection (A) of Code § 18.2-460 as obstruction of justice "without force," as opposed to obstruction under subsections (B) and (C),

"applied a two-step analysis to determine whether the evidence was sufficient to prove obstruction of justice" under this statute.[2] *Maldonado v. Commonwealth*, 70 Va. App. 554, 564 (2019). First, the Commonwealth must prove that the defendant's "actions did, in fact, prevent a law-enforcement officer from performing his duties." *Id.* (quoting *Molinet v. Commonwealth*, 65 Va. App. 572, 578 (2015)). Second, the evidence must establish that the defendant "acted with an intent to obstruct—i.e., prevent—an officer from performing his or her duty." *Id.* To that end, the Commonwealth must prove "acts clearly indicating" the defendant's intent to "prevent the officer from performing his duty," because "to 'obstruct' ordinarily implies opposition or resistance by direct action." *Id.* at 563 (quoting *Jordan v. Commonwealth*, 273 Va. 639, 648 (2007)); *see Jones v. Commonwealth*, 141 Va. 471, 478-79 (1925).

"[O]bstruction may be either active or passive." *Thorne v. Commonwealth*, 66 Va. App. 248, 255 (2016). Accordingly, in *Thorne*, we upheld a conviction for obstruction under Code § 18.2-460(A) where the defendant refused a police officer's repeated instructions to roll down the window of her car to allow him to test the tint. *Id.* at 250-51. About nine minutes after the officer's first request, backup officers arrived and the defendant finally rolled down the window. *Id.* at 251. Yet we still concluded that the defendant "did more than merely make the officer's tasks more difficult. Instead, she prevented his efforts to investigate the suspected window tint violation." *Id.* at 256-57. More importantly, we held that the fact that the defendant ultimately complied with the command to roll down her window did not "preclude the finding that her actions over a period of

---

both of which require "threats" or "force." *See Maldonado v. Commonwealth*, 70 Va. App. 554, 563 (2019).

[2] The Supreme Court of Virginia articulated this analysis in interpreting "the similar offense" set forth in Code § 18.2-460(C). *Maldonado*, 70 Va. App. at 564; *see Washington v. Commonwealth*, 273 Va. 619, 625 (2007).

nine minutes prior to the second officer's arrival were sufficient to constitute obstruction of justice." *Id.* at 258.

Here, appellant refused to comply with the officers' repeated requests that he open the door and come outside so that they could serve the arrest warrant they displayed to him through the door's window glass. Appellant's own video evidence showed him leaning against the inside of the door during his conversation with the police, which a reasonable fact-finder could conclude helped block the door to prevent it being opened. Appellant also demanded that the officers "kick [his] door" to "see how far they were willing to go to arrest" him. Appellant thus both "fail[ed] to cooperate" with the officers by refusing multiple times to leave his house, *id.* at 563, and ultimately necessitated police use of force to enter his house and execute the warrant, adding an additional step to the execution of their duty. A reasonable fact-finder could conclude from these facts and circumstances that appellant prevented the officers from performing their duty of arresting him under a valid warrant.[3] *See Maldonado*, 70 Va. App. at 564. And the fact that appellant eventually surrendered to police does not preclude the finding that his immediately preceding actions constituted obstruction of justice. *See Thorne*, 66 Va. App. at 258.

Respecting the second prong of our analysis, appellant's conduct in blocking the door, refusing to exit, and demanding that police kick in his door were direct actions clearly indicating his intent to obstruct the officers and prevent the performance of their duty. *See Maldonado*, 70 Va. App. at 563. The fact that the police had to kick in the door to enter the house and arrest appellant supports the reasonable inference, viewed in the light most favorable to the Commonwealth, that appellant's door was locked—further evidence of his intent to prevent the officers from entering and arresting him. And though appellant testified that he was not trying to

---

[3] As appellant conceded, the officers had the authority to enter his house to execute the arrest warrant. *See Payton v. New York*, 445 U.S. 573, 603 (1980); *Archer v. Commonwealth*, 26 Va. App. 1, 10 (1997).

stop the police from coming in, we will not disturb the court's decision to disregard this testimony. *See Washington*, 75 Va. App. at 615-16 ("Determining 'the "credibility of the witnesses and the weight of the evidence" are tasks left "solely [to] the trier of fact" unless those determinations are "plainly wrong or without evidence to support [them].""" (alterations in original) (quoting *Nelson v. Commonwealth*, 73 Va. App. 617, 622 (2021))). For these reasons, we conclude that the evidence sufficed to prove that appellant violated Code § 18.2-460(A).

Appellant argues that *Maldonado* supports his position, but that argument fails because the cases are not factually similar. In *Maldonado*, we reversed the defendant's conviction for obstruction of justice without force where he lied to law enforcement officers concerning his son's presence in his home, which delayed the officers' investigation of a car accident. 70 Va. App. at 570. But in that case, the officers were not "armed with either a search warrant or an arrest warrant for Maldonado's son." *Id.* at 569. By contrast, the officers here had an arrest warrant and showed it to appellant through the door's glass panel. And "Maldonado never refused a lawful command from either officer," but rather "simply initially declined" the officers' request to enter his home to see if his son was inside, and "initially falsely denied" that his son was present in the home. *Id.* Appellant, however, refused "numerous times" Smith's command to "open the door" and "come outside." His refusals constituted passive obstruction, and his demanding that police kick the door open and enter the house to arrest him constituted active obstruction. *See Thorne*, 66 Va. App. at 255. The evidence is therefore competent and sufficient to prove that appellant obstructed justice without force, in violation of Code § 18.2-460(A). Accordingly, the trial court did not err in denying appellant's motion to strike and convicting him for that offense.

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

*Affirmed.*