# Wytheville.

## WITHERS v. COMMONWEALTH.

### June 17, 1909.

1. CONCEALED WEAPONS—*Commissioners in Chancery—Code (1904, as Amended, Section 3780, Construed.*—Commissioners in chancery are conservators of the peace (Code, section 3912), and as such may carry concealed weapons, although not at the time acting in the discharge of official duty. The words "while in the discharge of his official duty" used in section 3780 of the Code as amended, apply only to the next antecedent class of officers, to-wit, collecting officers, and not to the other officers named in the statute.

2. STATUTES—*Construction—Punctuation—Concealed Weapons—Case at Bar.*—Punctuation is not resorted to in the interpretation of statutes unless the intention of the legislature cannot be ascertained from the language of the statute (read in the light of legislation existing upon the subject when the statute to be interpreted was enacted), and of other statutes *in pari materia*. In the case at bar, it is not necessary to invoke the aid of punctuation. The statute concerning the carrying of concealed weapons, read in the light of its history, is sufficiently plain.

3. CRIMINAL STATUTES—*Strict Construction—Constructive Offenses.*—Criminal statutes are construed strictly against the State and in favor of the liberty of the citizen. No man incurs a penalty unless the act which subjects him to it is clearly within the spirit and letter of the statute which imposes such penalty. There are no such things as constructive crimes.

Error to a judgment of the Circuit Court of Bedford county.

*Reversed.*

*S. S. Lambert, Jr., and Martin P. Burks,* for the plaintiff in error.

*Attorney General Wm. A. Anderson,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

The accused, R. W. Withers, was charged with unlawfully carrying about his person a pistol which was concealed from common observation.

The undisputed facts out of which the prosecution arose are as follows: The accused, at the date of the alleged offense, was a commissioner in chancery duly appointed by the Circuit Court of Bedford county, and on the 11th day of August, 1908, accompanied by a friend, he made a trip from Bedford City to the Peaks of Otter on horseback, and took with him a pistol, which was in a holster attached to his vest; the pistol being taken for the purpose of furnishing the accused and his friend with some diversion in target shooting while on the mountain. The accused was not in the habit of carrying a pistol, and had no reason for doing so on this occasion other than that mentioned, and he states that he would not have done so at that time but for the fact that he had himself examined into the law and upon his investigation of the statute he reached the conclusion that he was permitted to carry a weapon because of the fact that he was a commissioner in chancery, and as such a conservator of the peace. Upon his return from the mountain, and just after he had dismounted from his horse at the livery stable, the accused took the pistol from the holster and, exhibiting it to an officer who happened to be standing by, with whom he was on friendly terms, jocularly remarked that he was carrying a concealed weapon, and that he (the officer) had better arrest him; whereupon, on the 14th day of August, 1908, a warrant of arrest was issued upon the complaint of the officer mentioned.

Upon the trial of the charge in this warrant in the justice's court, the accused was found guilty and adjudged to pay a fine of $50 and costs, from which judgment the accused appealed to the circuit court, and the latter, upon the hearing of the cause without the intervention of a jury, sustained the judgment of the justice convicting the accused of carrying a concealed

weapon, but was of opinion that as the violation of the statute was technical only the fine imposed by the justice should be reduced to the minimum prescribed by the statute, $20.00; and to that judgment of the circuit court this writ of error was awarded.

The statute under which the accused was convicted had its origin in an act passed by the legislature in 1838 (Acts 1838, p. 76), and has been a number of times amended, so that it now appears as section 3780 of the Code of 1904, as amended by an act of the legislature approved March 14, 1908 (Acts 1908, p. 671), which so far as material in this case is as follows:

"If any person carry about his person, hid from common observation, any pistol, * * * he shall be fined not less than twenty dollars, nor more than one hundred dollars, and in the discretion of the court or jury trying the case may be, in addition thereto, committed to jail for not more than six months, and such pistol * * * shall be forfeited to the Commonwealth * * *; provided, that this section shall not apply to any police officer, town or city sergeant, constable, sheriff, conservator of the peace, or to carriers of United States mail in rural districts, or collecting officer while in the discharge of his official duty * * *."

It will be seen, therefore, that the question presented is the proper construction of the statute just quoted—that is, do the words "while in the discharge of his official duty," following the words "collecting officer," and without being separated by even a comma, apply to all of the officials named in the statute, or only to a "collecting officer?"

As said by Harrison, J., in construing this statute, in *Sutherland* v. *Commonwealth,* handed down at the present term, *ante,* p. 834, 65 S. E. 15, "it is an ancient maxim of the law that all such statutes must be construed strictly against the State and favorably to the liberty of the citizen. The maxim is founded on the tenderness of the law for the rights of individuals, and on the plain principle, that the power of punishment is vested

in the legislature and not in the judicial department. No man incurs a penalty unless the act which subjects him to it is clearly within the spirit and letter of the statute which imposes such penalty. There can be no constructive offenses, and before a man can be punished his case must be plainly and unmistakably within the statute. If these principles are violated, the fate of the accused is determined by the arbitrary discretion of the judges and not by the express authority of the law."

Applying this maxim of the law to this case, we do not deem it necessary to follow at length the learned arguments submitted both on behalf of the accused and the Commonwealth, since, when read in the light of the statutes preceding it and other statutes *in pari materia,* there seems to be no difficulty in ascertaining the intention of the legislature in the enactment of the statute as above quoted.

As the statute formerly stood, the words "while in the discharge of his official duty," did not appear until "collecting officer" was added to the officials theretofore named in the statute, and the statute so remained until amended and reenacted in the Code of 1887, and this amendment consisted of the mere paraphrase of the section as amended by the act of February 22, 1884 (Acts 1883-84, p. 180), and was not designed to change the meaning and effect of that act and did not in fact do so.

It is true that a comma is found in the last named amendment, after the words "collecting officer" and before the words "while in the discharge of his official duty," but the section was twice amended by the legislature of 1908, and in both of these amendments the comma was omitted. We do not think, however, that this is a matter of any importance, as punctuation is not resorted to in the interpretation of statutes, unless the intention of the legislature cannot be ascertained from the language of the statute read in the light of legislation existing upon the subject when the statute to be interpreted was enacted and

other statutes *in pari materia;* and in this case we do not think it necessary to invoke the aid of punctuation.

The first amendment of section 3780 of the Code of 1904 was approved March 13, 1908 (Acts 1908, p. 381), and that amendment related only to the first proviso, being as follows: "Provided, that this section shall not apply to any police officer, town or city sergeant, constable, sheriff, conservator of the peace, collecting officer while in the discharge of his official duty, or carrier of United States mail in rural districts while in the discharge of his duty."

It will be observed that the legislature there inserted the qualifying clause "while in the discharge," etc., after two classes of officers named in the statute, to-wit, collecting officer and carriers of United States mail, and it is inconceivable that the legislature would have done this if these qualifying words were to be applied to all of the officers named in the proviso, since there was no necessity for annexing the qualifying words to two classes of officers and not annexing it to other officers if the statute could be construed so as to apply the qualifying words to all of the officers named. It is manifest, we think, that the legislature considered the qualifying words in this amendment of section 3780 of the Code as relating only to the next antecedent class of officers, namely, collecting officers; and that it deemed it necessary, in order to apply these qualifying words to another class of officers, namely, rural mail carrier, to annex the qualification "while in the discharge of his official duty."

. This construction of section 3780 by the legislature is, we think, made more manifest by the amendment of that section approved March 14, 1908, *supra*. It is there made plain that the legislature did not think the qualifying clause "while in the discharge," etc., should apply to mail carriers, but only to collecting officers, and therefore struck out the clause as to mail carriers and placed them in the statute ahead of "collecting officer"; so that the proviso would read, "this section shall not

apply to any police officer, town or city sergeant, constable, sheriff, conservator of the peace, or to carriers of United States mail in the rural districts, or collecting officer while in the discharge of his official duty."

As suggested by the learned counsel for the accused, it could not be reasonably contended that the qualifying clause "while in the discharge," etc., in the act as it now stands, applies to United States mail carriers, for the reason that the legislature put the qualification in as to mail carriers in the act approved March 13, 1908, and deliberately struck it out in the amendment approved March 14, 1908; and that any other construction of the statute would impute to the legislature ignorance of the elemental principles of the English language, in that it would make a *singular* possessive refer to a *plural noun,* and have the antecedent of the qualifying clause to read as follows: "or to *carriers* of United States mail in the rural districts * * * in the discharge of *his* official duty."

Furthermore, had it been the intention of the legislature when it enacted the amended statute we are now considering, that the qualifying clause, "while in the discharge of his official duty," should apply to all the officials named in the first proviso, including mail carriers, would not the word "and" have been used instead of "or" just before the words "collecting officer," and the word "their" instead of "his" just before the word "duty," and the qualifying clause made to read: "this section shall not apply to a police officer, town or city sergeant, constable, sheriff, conservator of the peace, carriers of United States mail in the rural districts *and* collecting officers while in the discharge of *their* official duty, or while in the discharge of *their respective official duties"?* Unquestionably so, as it appears to us.

As far back as the Code of 1873, p. 1222, every judge throughout the State, and every justice, commissioner in chancery and notary within his county or corporatioin, were made conservators of the peace; and so the statute remained until amended by Acts of 1891-2, p. 980, by the addition of the words

"and county surveyor while in the performance of the duties of his office." It would hardly be contended that the qualifying clause following "county surveyor" applied to all of the officials named in the statute, so that they would be conservators of the peace only "while in the performance of the duties of his office."

It was doubtless considered by the legislature in first inserting in the statute enacted to prevent the carrying of concealed weapons, the proviso we have been considering exempting certain named officials from the operation of the statute, and in preserving that proviso, that the officials named were worthy of confidence and could be trusted in the exercise of the right to carry a concealed weapon whenever such official deemed it necessary for him to do so as a conservator of the peace. It is a privilege accorded to the official named in the statute, which may be and has doubtless been abused, but that. is a matter to be dealt with by the law-making power and not by the courts in the construction of the statute.

As we have seen, before a citizen can be punished his case must come plainly and unmistakably within the statute. Even if the case could be brought within the reason or mischief of the statute, it would not be sufficient to justify the infliction of punishment for a violation thereof. *Sutherland* v. *Com'th, supra,* and authorities there cited.

That principle controls this case, and it is illustrated in the case of *Gates & Son* v. *Richmond,* 105 Va. 702, 49 S. E. 765, where the city ordinance imposed a fine upon any person who constructed or placed a portico, porch, door, window, step, fence, "or other projection which shall project into any street"; and the plaintiff in error placed a temporary skid across the side-walk for the purpose of unloading, and for doing so the police justice imposed a fine for violation of the ordinance; which judgment of the police justice was affirmed by the Hustings Court of the city of Richmond; but this court reversed it upon a writ of error. The opinion of this court says: "This is a

penal ordinance and is, therefore, to be construed strictly. It is not to be extended by implication, and must be limited in its application to cases clearly described by the language employed. The books abound with cases illustrating this principle, which is of universal application, except in particular instances in which the doctrine has been modified by statute."

We are of opinion that the statute we have under consideration does not admit of the construction placed upon it by the learned judge of the circuit court, but that it was plainly the purpose and intention of the legislature to apply the qualifying clause found in the first proviso of the statute which we have quoted above to "collecting officer" and not to the other officials named in the statute.

It follows, therefore, that the judgment of the circuit court must be reversed and annulled, and the prosecution dismissed.

<div align="right">

*Reversed.*