## Richmond

### C. WAVERLY PARKER V. COMMONWEALTH OF VIRGINIA.

October 14, 1974.

Record No. 740054.

Present, I'Anson, C. J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*C. Waverly Parker, pro se.*

*David C. Dickey, Commonwealth's Attorney for Greene County,* for defendant in error.

Cochran, J., delivered the opinion of the court.

On September 16, 1973, a writ of *quo warranto* was issued by the trial court against C. Waverly Parker upon the petition of the Commonwealth's Attorney of Greene County to determine by what authority Parker had laid hands upon one Scott W. Lamb and purported to arrest him for being drunk in public. The petition alleged that the purported arrest was made on July 28, 1973, by Parker, a commissioner in chancery of the Circuit Court of Greene County, who was not then acting in his official capacity. Parker admitted the facts alleged in the petition but demurred to the writ.

After a hearing the trial court found Parker guilty as charged in the writ, ordered him not to act in such manner again under color of his office as a commissioner in chancery, and further ordered him to pay the costs incurred in the prosecution. We

granted Parker a writ of error to the judgment order entered on September 17, 1973.

As amended in 1972, Code § 19.1-20 (Cum. Supp. 1974), relating to conservators of the peace, provides in pertinent part as follows:

"Every judge throughout the State and every justice of the peace, *and* commissioner in chancery, ~~and county surveyor~~ while in the performance of the duties of his office . . . shall be a conservator of the peace . . . . Every conservator of the peace shall arrest without a warrant for . . . all misdemeanors of whatever character committed in his presence." Acts 1972, c. 549, § 19.1-20. (Stricken words and comma deleted, italicized word added by the amendment.)

A predecessor statute, § 3912, Code of 1887, provided:

"Every judge throughout the state, and every justice, commissioner in chancery, and notary, within his county or corporation, shall be a conservator of the peace . . . ."

This statute was later amended to read as follows:

"Every judge throughout the state, and every justice, commissioner in chancery, notary and *county surveyor while in the performance of the duties of his office* within his county or corporation, shall be a conservator of the peace . . . ." (Emphasis added.) Acts 1891-92, c. 626.

In *Withers* v. *Commonwealth,* 109 Va. 837, 843, 65 S.E. 16, 18 (1909), we construed the qualifying clause "while in the performance of the duties of his office", added by the foregoing amendment, to apply only to county surveyors and not to commissioners in chancery. The conviction of Withers, a commissioner in chancery, for carrying a concealed weapon while not acting in performance of the duties of his office, was thereupon reversed.

Parker concedes that the 1972 amendment, if valid, makes a commissioner in chancery a conservator of the peace only when he is performing the duties of his office within his county or corporation. He contends, however, that the amendment was invalidly enacted in violation of that portion of Article IV, § 12 of the 1971 Constitution, which provides that "[n]o law shall embrace more than one object, which shall be expressed in its

title." [1] He argues that the amendment, whose purpose as expressed in its title [2] was to eliminate references to the office of county surveyor, could not constitutionally have the additional unexpressed purpose of diminishing the authority of commissioners in chancery as conservators of the peace. Parker asks, therefore, that we hold that the amendment to Code § 19.1-20, insofar as it purports to affect his status as a conservator of the peace, is null and void.

We have held that in amending the Code constitutional requirements as to title are satisfied if the amendatory act refers in its title to the specific chapter and section thereof to be amended. *Iverson Brown's Case,* 91 Va. 762, 775, 21 S.E. 357, 361 (1895); *see* Note 1 Va. Law Reg. 118 (1895). This principle has now been codified as § 1-13.38 of the Code (Repl. Vol. 1973) which provides:

"It shall be deemed a sufficient compliance with Article IV, § 12, of the Constitution if, in any bill introduced in the General Assembly or enacted by it, the title and other portions of such bills refer to the act, or to the section involved, by the section number given the same by the Code Commission pursuant to law and set forth in the appropriate volume, replacement volume or supplement of the Code of Virginia; provided, however, that this shall not apply if the title of any such bill or act is not otherwise in compliance with Article IV, § 12, of the Constitution. All references to such section numbers given by the Code Commission pursuant to law are hereby ratified, validated and confirmed."

We have also held that whenever the title of the original act is sufficient to embrace the matters covered by subsequent amendment, the title of the amendatory act is a matter of no consequence. *Jeffries* v. *Com.,* 121 Va. 425, 448, 93 S.E. 701, 708 (1917); *Iverson Brown's Case, supra,* 91 Va. at 773, 21 S.E. at 361;

---

[1] The identical language appears in § 52 of the 1902 Constitution and in Article V, § 15 of the 1870 Constitution.

[2] The amendment, Acts 1972, c. 549, effective July 1, 1972, was entitled "An Act to amend and reenact §§ 8-266, 14.1-90, 15.1-38, 15.1-41, 15.1-48, 15.1-50, 15.1-51, 15.1-620, 15.1-659, 15.1-740, 15.1-753, 17-74, 19.1-20, 22-149, 58-511, 58-1048 and 58-1091, as severally amended, of the Code of Virginia; and to repeal Article 6 of Chapter 2 of Title 15.1, containing sections numbered 15.1-91 through 15.1-102, and § 15.1-713 of the Code of Virginia; so as to remove from the Code of Virginia all references to the office, no longer required, of the county surveyor."

*cf. Fidelity Insurance and Safe Deposit Company* v. *Shenandoah Valley R.R.*, 86 Va. 1, 9 S.E. 759 (1889). Parker has not attacked the sufficiency of the titles of the original acts amended by Chapter 549, Acts 1972. Moreover, he concedes that legislators may simultaneously amend many sections of the Code by reference in the title only to the sections to be amended. But Parker urges that the title to the amendatory act under consideration, which not only recites the Code sections to be amended but states the restricted purpose of the act, limits the amendment to that stated purpose. To hold otherwise, he says, would permit legislators to mislead other legislators and interested citizens by intentionally inserting into amendatory legislation matter that is not germane to the title, in violation of the constitutional mandate. We do not agree.

Where the title to an amendatory act sets forth the Code sections to be amended there is adequate notice to legislators and the public, regardless of any additional qualifying language stating the general purpose of the amendment. Here, the general purpose of the amendment was to delete all references in the Code to county surveyors, and this purpose was accomplished. In amending Code § 19.1-20 relating to conservators of the peace, however, the effect of the amendment was not only to eliminate county surveyors but to change the status of commissioners in chancery. But anyone coming within the purview of this statute should ignore only at his peril the effect of any language contained in an amendment specifically directed to this Code section.

We are unwilling to construe the constitutional provision so strictly as to hold that the explanatory language in the title invalidated what Parker concedes would otherwise have been a constitutionally acceptable legislative enactment. On the contrary, we adhere to a liberal construction of the provision in order to avoid invalidating an act of the General Assembly on this ground. *See Richmond* v. *Pace*, 127 Va. 274, 284, 103 S.E. 647, 650 (1920), where we held "that an act of the General Assembly is presumed to be valid until its violation of the Constitution is proved beyond all reasonable doubt . . . ." Indeed, we are aware of no case decided since *Iverson Brown's Case, supra,* where we have held an amendatory act to be violative of Article IV, § 12 of the 1971 Constitution or the similar provision in § 52 of the 1902 Constitution.

We hold, therefore, that if the title to an amendatory act correctly cites the Code sections to be amended there is sufficient compliance with Article IV, § 12 of the Constitution and that any additional language in the title stating the general purpose of the legislation is immaterial. Accordingly, the judgment of the trial court is

*Affirmed.*