COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Huff and Senior Judge Annunziata
Argued at Lexington, Virginia


JOSEPH LOUIS PADUANO

                                                          OPINION BY
v.        Record No. 0816-13-3              JUDGE ROSEMARIE ANNUNZIATA
                                                          DECEMBER 30, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge Designate

Glenn L. Berger (Berger & Thornhill, on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General; Katherine Quinlan Adelfio, Assistant Attorney
General, on brief), for appellee.


Joseph L. Paduano ("appellant") appeals his convictions in a bench trial of two counts of

carnal knowledge of a child between the ages of thirteen and fifteen, second or subsequent

offense, in violation of Code § 18.2-63(A).  He was sentenced to a total of twenty years'

incarceration in the Virginia Department of Corrections.[1]

On appeal, appellant contends the trial court erred in denying his motion for a bill of

particulars, in convicting appellant of two counts under Code § 18.2-63(A) for acts that occurred

during the same incident, and sentencing appellant to two consecutive sentences for the offenses.

Finding no error, we affirm the convictions.

_____

        [1] Appellant was also convicted of possession of a firearm by a violent felon, for which he
received a five-year sentence.  This conviction is not currently before us.  The appeal of that
conviction was denied by order dated November 26, 2013.

BACKGROUND

Under familiar principles of appellate review, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

Between April 8 and 14, 2012, the victim, who was then thirteen, stayed at the Pittsylvania County home of her sister, T.P. T.P. and appellant, who was her husband, lived in the home with their children and a roommate.

On one night during the time period, the victim was alone with appellant playing pool in the basement of the home. The other children were upstairs, and T.P. was not at home. Appellant kissed the victim, and when he pulled up her shirt several times, the victim pulled it back down again. He also touched her breasts under her shirt. Against the victim's will, appellant tried to pull down the victim's pants several times. In the course of his attempts to remove the victim's pants, appellant penetrated her vagina with his finger. He then turned the victim around, bent her over the pool table, and put his penis inside her vagina. Appellant had sexual intercourse with the victim for several minutes. After this sequence of events, appellant left the victim in the basement and went upstairs.

On May 26, 2012, police officers responded to a call from T.P. claiming that appellant was threatening to commit suicide. T.P. reported that appellant became upset after she confronted him about having sex with the victim.

Law enforcement officers located appellant shortly after arriving on the scene, and detained him in the back of the officers' patrol vehicle. When the police later interviewed appellant, he admitted that he had had sex with the victim.

In addition to the firearms charge, a Pittsylvania County grand jury indicted appellant on two counts of carnal knowledge of a minor, in violation of Code § 18.2-63(A). Specifically, the grand jury charged:

> Between April 8, 2012 and April 14, 2012, . . . [appellant] . . . [d]id unlawfully and feloniously, while being over the age of 18 years, engage in sexual intercourse with T.M.H., a child born May 22, 1998, the accused having been previously sentenced for carnally knowing while over the age of 18 a child between 13 and 15 years of age, in violation of . . . Code § 18.2-63 . . . .

The grand jury further charged:

> Between April 8, 2012 and April 14, 2012, . . . [appellant] . . . [d]id unlawfully and feloniously, while being over the age of 18 years, did [sic] commit animate object sexual penetration of T.M.H., a child born May 22, 1998, the accused having been previously sentenced for carnally knowing while over the age of 18 a child between 13 and 15 years of age, in violation of . . . Code § 18.2-63 . . . .

Prior to trial on these indictments, appellant filed a motion for a bill of particulars pursuant to Code §§ 19.2-230 and 19.2-266.2, in which he alleged that "[appellant] has been indicted on three offenses which appear to involve the same act and/or code section. The dates are the same for each of the three offenses but span six days."[2] Appellant argued at the hearing on his motion that "issues of double jeopardy . . . require that the Commonwealth provide [appellant] the information as to whether or not this is one incident at one time and . . . exactly what behavior they are alleging makes this two offenses rather than one." The trial court denied appellant's motion for a bill of particulars, noting that the indictments sufficiently described each of the alleged offenses.

---

[2] Appellant was also indicted for taking indecent liberties with a minor, in violation of Code § 18.2-370.1(A), but the trial court granted appellant's motion to strike this charge.

# I.

## Bill of Particulars

Code § 19.2-220 provides that an indictment against a defendant

> shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date. In describing the offense, the indictment . . . may use the name given to the offense by the common law, or the indictment . . . may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged.

"A defendant is not entitled to a bill of particulars as a matter of right." Goins v. Commonwealth, 251 Va. 442, 454, 470 S.E.2d 114, 123 (1996). Ordinarily, "an indictment sufficiently charges a statutory offense if it follows the language of the statute." Sims v. Commonwealth, 28 Va. App. 611, 619, 507 S.E.2d 648, 652 (1998). "'The purpose of a bill of particulars is to state sufficient facts regarding the crime to inform an accused in advance of the offense for which he is to be tried. He is entitled to no more.'" Swisher v. Commonwealth, 256 Va. 471, 480, 506 S.E.2d 763, 768 (1998) (quoting Hevener v. Commonwealth, 189 Va. 802, 814, 54 S.E.2d 893, 899 (1949)). However, "'when the statutory language does not in itself fully and clearly set forth all material elements of the offense,'" Sims, 28 Va. App. at 619, 507 S.E.2d at 652 (quoting 2 Charles E. Torcia, Wharton's Criminal Procedure § 265, at 127 (13th ed. 1990)), a trial court "may direct the filing of a bill of particulars," Code § 19.2-230. "'The decisive consideration in each case is whether the matter claimed to be left out of the indictment has resulted in depriving an accused of a substantial right and subjects him to the danger of being tried upon a charge for which he has not been indicted.'" Ward v. Commonwealth, 205 Va. 564, 569, 138 S.E.2d 293, 297 (1964) (quoting Livingston v. Commonwealth, 184 Va. 830, 837, 36 S.E.2d 561, 565 (1946)). A "trial court's decision whether to require the Commonwealth to file

a bill of particulars is a matter committed to its sound discretion." Muhammad v. Commonwealth, 269 Va. 451, 493, 619 S.E.2d 16, 40 (2005) (citing Quesinberry v. Commonwealth, 241 Va. 364, 372, 402 S.E.2d 218, 223 (1991)).

Here, the indictments against appellant set forth the specific charges against him. The indictments specifically track the language of Code § 18.2-63. The first indictment alleged that appellant had carnal knowledge of the victim by "engag[ing] in sexual intercourse," and the second indictment alleged that appellant had carnal knowledge of the victim by "commit[ting] animate object sexual penetration." Moreover, each indictment identified the time at which the carnal knowledge act was alleged to have occurred, and against whom it occurred. Appellant argues the Commonwealth was required to file a bill of particulars further describing the nature of the "animate object sexual penetration" at issue. However, the Commonwealth is not required to disclose the evidence upon which it planned to rely to prove an element of the offense. See Sims, 28 Va. App. at 620, 507 S.E.2d at 653 (stating that a defendant "should not be permitted to use a bill of particulars to expand the scope of discovery in a criminal case").

We conclude that appellant has not identified any legally required matter that was "left out of the indictment[s] [that] resulted in depriving [him] of a substantial right and subject[ed] him to the danger of being tried upon a charge for which he [w]as not . . . indicted.'" Ward, 205 Va. at 569, 138 S.E.2d at 297. Therefore, the trial court did not abuse its discretion in denying the motion for a bill of particulars.

II.

Conviction of Two Counts of Carnal Knowledge

Appellant contends that because the two crimes occurred during the course of one incident, the trial court erred in convicting him of two separate crimes of carnal knowledge. Appellant argues his two convictions were not warranted because "the [General Assembly] in

- 5 -

defining carnal knowledge . . . as including a number of acts, . . . did not intend that each [act] be prosecuted and punished separately whe[n] it occurred in the same incident . . . ." We do not agree with appellant's proffered construction of the statute.

Code § 18.2-63(A) provides that "[i]f any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony." For the purposes of this provision, "'carnal knowledge' includes the acts of sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration." Code § 18.2-63(C)(ii).

To interpret Code § 18.2-63(A) and its definitional provisions, "we rely on the familiar principles of statutory construction, and review this issue *de novo*." Hines v. Commonwealth, 59 Va. App. 567, 573, 721 S.E.2d 792, 795 (2012). "The primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). In pursuit of this objective, "[c]ourts are required to apply the plain language of a statute when possible and may not rewrite it." Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007).

We find no ambiguity in Code § 18.2-63(A), which defines carnal knowledge to include sexual intercourse and animate object sexual penetration without the use of force with "a child thirteen years of age or older but under fifteen years of age . . . ." "'To prove that sexual intercourse occurred, the evidence must establish that "there has been an actual penetration to some extent of the male sexual organ into the female sexual organ."'" Carter v. Commonwealth, 16 Va. App. 118, 127, 428 S.E.2d 34, 41 (1993) (quoting Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989)). To prove animate object sexual penetration, the evidence must prove the defendant "penetrate[d] the labia majora or anus of a complaining witness . . . ." Code § 18.2-67.2(A).

- 6 -

Our decision in <u>Carter</u>, 16 Va. App. at 127-28, 428 S.E.2d at 41-42, is instructive.  There, the victim was raped multiple times and forced to commit oral sodomy over a two-hour time period.  We concluded that "'generally rape is not a continuous offense'" and "'each act of intercourse constitutes a separate and distinct offense.'"  <u>Id.</u> at 127, 428 S.E.2d 42 (quoting <u>State v. Midyette</u>, 360 S.E.2d 507, 508 (N.C. Ct. App. 1987), <u>aff'd per curiam</u>, 366 S.E.2d 440 (N.C. 1988)).  Finding "no legal or logical bar to separate punishment where . . . each of the [appellant's] 'repenetrations' was clearly volitional, criminal, and occasioned by separate acts of force," <u>Carter</u>, 16 Va. App. at 128-29, 428 S.E.2d at 42, we affirmed the trial court's finding that the defendant was guilty of multiple counts of rape.

This logic applies with equal force in the present case, where appellant's digital penetration and sexual intercourse with the victim were occasioned by separate acts perpetrated against "a child thirteen years of age or older but under fifteen years of age . . . ."  Specifically, the evidence established that while appellant was facing the victim and struggling with her to remove her pants, he digitally penetrated her with his hand.  Then, after appellant successfully removed the pants, he turned the victim around, bent her over the pool table, and inserted his penis into her vagina for several minutes.  Each penetration was proscribed by Code § 18.2-63(A) and was occasioned by independent acts.

The plain meaning of the statute creates separate offenses for each penetration.  The trial court, accordingly, did not err in finding appellant guilty of two violations of Code § 18.2-63(A).

III.

Two Sentences for Violating Code § 18.2-63

In his third assignment of error, appellant argues that the trial court erred by sentencing appellant to consecutive sentences for two offenses under the same statute.[3]  Specifically,

---

[3] The trial court imposed two ten-year sentences, to be served consecutively, for appellant's two convictions under Code § 18.2-63.

appellant argues that under the Double Jeopardy Clause of the United States Constitution the trial court erred by sentencing him twice for the same offense.  Additionally, appellant argues that even if two convictions were permissible, the sentences "merge under the rule of lenity, thus providing for sentencing on only one of the two counts."

## A.  Double Jeopardy

"'The double jeopardy clauses of the United States and Virginia Constitutions provide that no person shall be put twice in jeopardy for the same offense.'"  Tharrington v. Commonwealth, 58 Va. App. 704, 709, 715 S.E.2d 388, 390 (2011) (quoting Martin v. Commonwealth, 221 Va. 720, 722, 723 S.E.2d 778, 780 (1981)).  "The federal constitutional provision concerning double jeopardy embodies three guarantees: '[i]t protects against a second prosecution for the same offense after acquittal[; i]t protects against a second prosecution for the same offense after conviction[; a]nd it protects against multiple punishments for the same offense.'"  Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 229 (2002) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794 (1989)).

"The Double Jeopardy Clause is not abridged if an accused is subjected to punishment for two offenses that are supported by separate and distinct acts."  Roach v. Commonwealth, 51 Va. App. 741, 748, 660 S.E.2d 348, 351 (2008).

As noted above, appellant's two convictions were based upon separate and distinct acts.  Thus, we do not find that double jeopardy prohibited the imposition of two sentences for the convictions.

## B. The Rule of Lenity

Appellant argues that, even were multiple convictions permissible, Code § 18.2-63(A) is "unclear as to the legislature's intent to double the punishment and the rule of lenity requires construing the statute against the Commonwealth."

"Only when a 'penal statute is *unclear*' do courts apply the rule of lenity and strictly construe the statute in the criminal defendant's favor." De'Armond v. Commonwealth, 51 Va. App. 26, 34, 654 S.E.2d 317, 321 (2007) (quoting Waldrop v. Commonwealth, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998)). If a statute is not ambiguous, however, "the rule of lenity is not applicable to guide statutory interpretation." Id. (citing United States v. Johnson, 529 U.S. 53, 59 (2000)). Rather, "we construe the language according to its plain meaning without resort to rules of statutory interpretation." Holsapple v. Commonwealth, 266 Va. 593, 598, 587 S.E.2d 561, 564 (2003). [4]

Indeed,

> the rule of lenity serves only to resolve genuine, plausible ambiguities and "does not abrogate the well-recognized canon that a statute . . . should be read and applied so as to accord with the purpose intended and attain the objects desired if that may be accomplished without doing harm to its language."

De'Armond, 51 Va. App. at 35, 654 S.E.2d at 321 (quoting Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)).

---

[4] We further explained in De'Armond, 51 Va. App. at 34-35, 654 S.E.2d at 321,

> "The simple existence of some statutory ambiguity," moreover, "is not sufficient to warrant applications of that rule, for most statutes are ambiguous to some degree." Muscarello v. United States, 524 U.S. 125, 138 (1998). And the "mere possibility of articulating a narrower construction" does not by itself make the rule of lenity applicable. Smith v. United States, 508 U.S. 223, 239 (1993). Nor can the rule be "invoked by a grammatical possibility" that raises a manifestly "implausible reading" of the legislative purpose. Caron v. United States, 524 U.S. 308, 316 (1998).

We find no ambiguity in Code § 18.2-63 to justify application of the rule of lenity. Under Code § 18.2-63(A), it is a Class 4 felony to "carnally know[], without the use of force, a child thirteen years of age or older but under fifteen years of age . . . ." Code § 18.2-63(C) defines "carnal knowledge" to include "the acts of sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration." Read together with its definitional provisions, Code § 18.2-63(A) is unambiguous. Its language creates an offense that may be committed by single act rather than one inherently "'continuous in its character.'" De'Armond, 51 Va. App. at 35, 654 S.E.2d at 321-22 (citing Blockburger v. United States, 284 U.S. 299, 302 (1932)). Specifically, each act included within Code § 18.2-63(C) is sufficient in and of itself to support a conviction under Code § 18.2-63(A). This unambiguous statutory language forecloses use of the rule of lenity in the present case. Accordingly, we do not find that the trial court erred in refusing to apply the rule of lenity in this instance.

## CONCLUSION

For the foregoing reasons, we find no error in the trial court's rulings, and we affirm the convictions.

Affirmed.