COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Humphreys and Alston
Argued at Lexington, Virginia


ROY EDWARD HALEY

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1951-15-3                       CHIEF JUDGE GLEN A. HUFF
                                                         NOVEMBER 8, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
William D. Broadhurst, Judge

Nanda E. Davis (The Davis Law Practice, on brief), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Roy Edward Haley ("appellant") appeals his conviction of operating a motor vehicle

while intoxicated, in violation of Code § 18.2-266.[1] Following a conditional guilty plea in the

Circuit Court of Roanoke County ("trial court"), appellant was sentenced to ninety days in jail,

all suspended. On appeal, appellant contends that the trial court erred

> by ruling that registered nurses need not be designated by circuit
> court order because the plain reading of the statute requires all
> professionals to be designated, drawing blood for DUI
> prosecutions requires specialized knowledge, the only
> professionals designated by the Roanoke County order at that time
> were registered nurses, and failing to abide by the statute is a
> matter of substance not procedure.

For the following reasons, this Court affirms appellant's conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also charged with felony possession of methamphetamine, in violation of
Code § 18.2-250. In accordance with a plea agreement, the trial court deferred disposition of
that charge for two years pursuant to Code § 18.2-251.

## I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On December 4, 2014, Officer Gary Haston ("Haston"), a Roanoke County police officer, stopped appellant for driving erratically.  After having appellant perform field sobriety tests, Haston placed appellant under arrest and transported him to a hospital where his blood was drawn by Alanna McWilliams ("McWilliams"), a registered nurse.  The results of the blood analysis indicated that appellant's blood contained 0.11 milligrams per liter of methamphetamine.  As a result, appellant was charged with driving while intoxicated.

Prior to trial, appellant moved to suppress the results arguing that their admission into evidence was a violation of Code § 18.2-268.5 because McWilliams, although a registered nurse, "was not designated by order of the [trial court]."  In support of his argument, appellant offered into evidence a trial court order entered August 16, 2000 listing those designated to withdraw blood pursuant to Code § 18.2-268.5, in which all the persons listed had an "RN" after their name to indicate their status as registered nurses.  McWilliams's name was not included in the order.  Appellant further contended that under Snider v. Commonwealth, 26 Va. App. 729, 496 S.E.2d 665 (1998), the prosecution's failure to use a nurse designated by the trial court was a substantive rather than procedural failure and, thus, was not curable by substantial compliance.

The trial court denied appellant's motion and ruled that the evidence was admissible. The trial court concluded that either McWilliams was authorized under a "rational interpretation of the statute," or if she was not authorized, the designation requirement was procedural and "the

draw substantially complied" with the statute.  Construing the statute's plain language, the trial

court reasoned:

> Physicians, RN's, LPN's and graduate laboratory technicians are
> publicly designated as qualified by their training and licensure to
> safely draw blood "according to recognized medical procedures"
> [(quoting Code § 18.2-268.5)].  However, ready access to these
> professionals may be limited in rural localities without a local
> hospital.  By creating an additional group of technicians and nurses
> who could draw blood, the General Assembly provides a larger
> pool of persons statewide who could safely draw blood to be used
> as evidence in these criminal investigations.  Likewise, by
> allowing certain nurses and technicians whose training had not
> risen to the level of licensure or diploma, but who in a physician's
> medical judgment could safely draw blood, the General Assembly
> could assure both safety and availability in areas not immediately
> served by medical facilities.

Consequently, the trial court accepted appellant's conditional guilty plea and convicted appellant

of the offense of operating a motor vehicle while intoxicated, in violation of Code § 18.2-266.

This appeal followed.

## II.  STANDARD OF REVIEW

"We review decisions involving the admission of evidence for abuse of discretion by the

trial court."  Jones v. Commonwealth, 50 Va. App. 437, 445-46, 650 S.E.2d 859, 863 (2007).

"'[A] trial court "by definition abuses its discretion when it makes an error of law."'  'In

determining whether the trial court made an error of law, "we review the trial court's statutory

interpretations and legal conclusions *de novo*."'"  Auer v. Commonwealth, 46 Va. App 637, 643,

621 S.E.2d 140, 143 (2005) (first quoting Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d

437, 441 (1998), then quoting Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99,

102 (2001)).

III.  ANALYSIS

Appellant argues that the trial court abused its discretion when it admitted the results of the blood analysis derived from the blood sample taken by McWilliams because under the plain meaning of Code § 18.2-268.5, McWilliams was required to be designated by an order of the trial court.  Additionally, appellant urges that this Court should construe Code § 18.2-268.5 in appellant's favor if it finds that the statute is ambiguous.  Finally, appellant argues that the failure to have McWilliams designated by court order "is a matter of substance, not procedure," which cannot be cured by substantial compliance under Code § 18.2-268.11.[2]

A.  Plain meaning

It is an "elementary rule of statutory construction that every provision in or part of a statute shall be given effect if possible."  Tilton v. Commonwealth, 196 Va. 774, 784, 85 S.E.2d 368, 374 (1955).

> When the language of a statute is unambiguous, we are bound by the plain meaning of that language.  Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.  If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.  Additionally, the plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.

Hines v. Commonwealth, 59 Va. App. 567, 574, 721 S.E.2d 792, 795 (2012) (quoting Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011)).

---

[2] On brief, appellant also argues that the evidence should not be admitted because he was not put on notice that individuals not listed in the trial court's order could withdraw blood.  This argument was not made before the trial court and will not be addressed by this Court on appeal. See Rule 5A:18.

Code § 18.2-268.5 is located within Article 2 (§§ 18.2-266 to -273, Prosecution of the offense of driving a motor vehicle while intoxicated ("DUI")) of Chapter 7 of Title 18.2. In pertinent part, Code § 18.2-268.5 states:

> For purposes of this article, only a physician, registered nurse, licensed practical nurse, phlebotomist, graduate laboratory technician or a technician or nurse *designated by order of a circuit court* acting upon the recommendation of a licensed physician . . . shall withdraw blood for the purposes of determining its alcohol or drug . . . content.

(Emphasis added).

Appellant contends that because "designated by order of a circuit court" appears at the end of a list of individuals, "[t]he plain, obvious, and rational interpretation of this sentence structure is that the phrase at the end qualifies the entire list, not just a small part of the list." Notwithstanding, for the reasons explained below, this Court finds that the plain meaning of Code § 18.2-268.5 supports the trial court's decision.

### 1. Avoiding a superfluous reading

"This Court will 'interpret statutory language, whenever possible, to avoid rendering other statutory language superfluous.'" Wilson v. Commonwealth, 66 Va. App. 9, 15, 781 S.E.2d 754, 757 (2016) (quoting Epps v. Commonwealth, 59 Va. App. 71, 80, 717 S.E.2d 151, 155 (2011)). This Court "'presume[s] that the legislature chose, with care, the words it use[d]' when it enacts a statute." Id. at 15, 781 S.E.2d at 155 (alterations in original) (quoting Rives v. Commonwealth, 284 Va. 1, 3, 726 S.E.2d 248, 250 (2012)).

This Court holds that under Code § 18.2-268.5, only nurses and technicians who are not "registered nurses," "licensed practical nurses," "phlebotomists," or "graduate laboratory technicians" must be designated by an order of the circuit court to withdraw blood for use in the prosecution of a DUI offense. To adopt appellant's suggested interpretation would require this

Court to render "registered nurse," "licensed practical nurse," "phlebotomist," and "graduate laboratory technician" as superfluous language because *every* "technician or nurse" would have to be designated by a circuit court's order. Conversely, by reading "designated by order of a circuit court" to modify only the immediately preceding clause "a technician or nurse," the language in question is not rendered superfluous or meaningless.

Notwithstanding, appellant argues that if the General Assembly intended to only modify "technician or nurse," it should have inserted a comma after the listed term "graduate laboratory technician" or set that last phrase in a separate sentence. But "statutes are not to be construed by strict and critical adherence to technical grammatical rules, and . . . the true meaning, if clearly ascertained, must prevail, though contrary to the apparent grammatical construction." Washington v. Commonwealth, 273 Va. 619, 627, 643 S.E.2d 485, 489 (2007) (omission in original) (quoting Harris v. Commonwealth, 142 Va. 620, 624, 128 S.E. 578, 579 (1925)). "[P]unctuation is not resorted to in the interpretation of statutes, unless the intention of the legislature cannot be ascertained from the language of the statute read in the light of legislation existing upon the subject . . . and other statutes *in pari materia*." Id. (omission in original) (quoting Withers v. Commonwealth, 109 Va. 837, 840-41, 65 S.E. 16, 17 (1909)). Accordingly, under the plain meaning of Code § 18.2-268.5, McWilliams was authorized, by reason of her status as a registered nurse, to withdraw appellant's blood for use in his DUI prosecution.

2.  The last antecedent doctrine

Another rule of statutory construction, the last antecedent doctrine, supports this same result. This doctrine provides:

> [R]eferential and qualifying words or phrases, where no contrary
> intention appears, *refer solely to the last antecedent*.[3]  The last

---

[3] An antecedent is defined as a "preceding thing." Antecedent, Black's Law Dictionary (10th ed. 2014).

- 6 -

antecedent is "the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." Thus a proviso[4] usually is construed to apply to the provision or clause *immediately preceding it.*

Alger v. Commonwealth, 267 Va. 255, 259-60, 590 S.E.2d 563, 565-66 (2004) (emphasis added) (quoting 2A Norman J. Singer, Sutherland on Statutory Construction § 47.33 (6th rev. ed. 2000)).

In Alger, the Supreme Court interpreted Code § 18.2-308.2,[5] to determine whether the text of the statute permitted a convicted felon to possess a firearm in his or her residence. Id. at 257, 590 S.E.2d at 564. Appellant had argued that the Court should find that the qualifying phrase, "except in such person's residence or the curtilage thereof," modified both of the enumerated items preceding it, *i.e.* "(a) firearm or (b) stun weapon or taser," because these items were of the same class and "conventions of legal drafting require . . . that words preceding or following the enumeration shall apply to each item in the series." Id. at 258, 590 S.E.2d at 565. In rejecting appellant's argument, however, the Court applied the last antecedent doctrine, an "established rule[] of statutory construction." Id. at 259, 590 S.E.2d at 565. Considering that under this rule, the qualifying phrase only modifies the *immediately* preceding antecedent clause, the Court held that the "except clause" only modified "stun weapon or taser," because this was the last antecedent preceding that qualifying phrase. Id. at 260, 590 S.E.2d at 566.

---

[4] Proviso is defined as "[a] limitation, condition, or stipulation upon whose compliance a legal or formal document's validity or application may depend." Proviso, Black's, supra.

[5] Relevant to the Court's decision was the language of the 2001 version of Code § 18.2-308.2: "It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any *(a) firearm* or *(b) stun weapon or taser as defined in § 18.2-308.1 except in such person's residence or the curtilage thereof . . . .*" Alger, 267 Va. at 256, 590 S.E.2d at 564 (quoting Code § 18.2-308.2(A) (2001)).

Applying the doctrine in this case, the qualifying phrase "designated by order of a circuit court," only applies to the last antecedent clause, "a technician or nurse." The clause "a technician or nurse" is the last antecedent "that can be made an antecedent without impairing the meaning of the sentence." See Alger, 267 Va. at 259, 590 S.E.2d at 566. As such, the qualifying phrase "designated by order of a circuit court" only applies to "a technician or nurse" and not to every antecedent clause listed. Therefore, "designated by order of a circuit court" does not apply to the "registered nurse" antecedent. For this additional reason, this Court finds that McWilliams was qualified to withdraw blood under Code § 18.2-268.5 and, therefore, the trial court did not abuse its discretion in admitting the results into evidence.

## B. Rule of lenity

Considering the last antecedent doctrine and giving effect to every word in Code § 18.2-268.5, this Court holds that the contested language of the statute is not ambiguous. Accordingly, this Court does not reach appellant's invocation of the rule of lenity. Paduano v. Commonwealth, 64 Va. App. 173, 182, 766 S.E.2d 745, 749 (2014).

## C. Substantial compliance

Because this Court finds that Code § 18.2-268.5 does not require that McWilliams be designated by court order, this Court does not reach appellant's issue of substantial compliance.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the trial court did not abuse its discretion when it admitted the blood analysis derived from the blood sample taken by McWilliams. Accordingly, the ruling of the trial court is affirmed.

Affirmed.